CHARLES A. WHEELER *vs.* ALEXANDER M. BRISCOE.

*When a Bill of Exceptions should be Signed—When a Bill of Exceptions will not be noticed on Appeal.*

Where there is no rule of Court to the contrary, or agreement of parties, or order of the Judge or Court appointing a time, a bill of exceptions should be settled and signed at least during the term at which the trial was had.

A practice to sign a bill of exceptions *after the term* must be understood to be a matter of consent between the parties, unless the Judge has made an express order in the term allowing such a period to prepare it.

Where the term has elapsed and another term intervened, and neither the consent of the adverse counsel nor order of Court has been obtained extending the time, the application to the Court to sign a bill of exceptions comes too late, and one signed under such circumstances will not be noticed on appeal.

APPEAL from the Circuit Court for Howard County.

The case is stated in the opinion of the Court.

The cause was argued before BARTOL, C. J., STEWART, BOWIE, MILLER and ALVEY, J.

*R. J. Bouldin,* for the appellant.

*W. A. Hammond* and *J. Q. A. Jones,* for the appellee.

BOWIE, J., delivered the opinion of the Court.

The cause in which the present appeal is taken, was tried at the March Term of the Circuit Court for Howard County, 1875.

Wheeler *vs.* Briscoe.

It appears from the record, the jury were sworn on the 5th April, 1875. The verdict was rendered for plaintiff April 7th, 1875.

April 9th, 1875, motion and reasons for a new trial were filed.

On April 27th, 1875, an order for an appeal from the judgment was filed.

On the 1st of May, 1875, the plaintiff filed a motion to require the defendant to abandon his exceptions, before the motion for a new trial was heard; and on the same day, defendant filed an order, withdrawing the motion for a new trial; on the same day there was a judgment entered on verdict.

The appeal appears from these entries, to have been taken pending the motion for a new trial, and before final judgment.

On the 29th of September, 1875, the plaintiff moved the Court not to sign any bill of exceptions in this case, upon the ground that the defendant has unreasonably delayed the presentation thereof to the Court or to the plaintiff's counsel, until September 6th, 1875, being the first day of the September Term of this Court.

The Court overruled the motion, and signed the bill of exceptions, with the following memorandum prefixed:

" Memorandum.—This bill of exceptions was not presented to the counsel for the plaintiff or the Court, until the sixth day of September, 1875, being the first day of the September Term of this Court, the March Term having expired, and the June Term having intervened since the trial of the cause; whereupon, the plaintiff by his counsel, objected to the signing thereof, and moved the Court not to sign the same, but his objection and motion were overruled, and the bill is accordingly signed and sealed, this 29th day of September, A. D., 1875.

EDWARD HAMMOND, [SEAL.]<br>WM. N. HAYDEN, [SEAL.]"

The appellee contends that the appeal should be dismissed,

1st. Because it was prematurely taken, there being no final judgment in the case at the time the prayer for an appeal was filed.

2nd. The bill of exceptions cannot be considered by this Court, because it was not signed in proper time.

There is no rule of Court apparent on the record, regulating the practice of the Court below, and we are compelled to infer there is none existing on the subject.

In the case of *Roloson vs. Carson*, 8 *Md.*, 226, it is said, "The Act of 1834, ch. 233, sec. 11, provides that bills of exception must be signed before the verdict is rendered, if the party requires it. Under this Act, the Court has a discretion as to what time the exceptions shall be either prepared or signed, *provided they are completed prior to the verdict;* and consequently the action of the Court in this instance, in regard to directing the cause to be proceeded in by the examination of witnesses, against the objection of the plaintiffs' counsel, who was writing the exception, we think is not subject to revision on appeal."

The Court then declare, that in their opinion, as a general rule, the most appropriate time for preparing an exception, is immediately after the decision is excepted to, when the facts are fresh in the recollection of the Court and the counsel, and the witnesses are in attendance, affording an opportunity of re-examination, if a controversy should arise in reference to any portion of the testimony.

The Act referred to in the preceding quotation from the opinion of the Court, was an Act entitled "An additional supplement to the Act, entitled an Act for the dispatch of business in Baltimore County Court, 1834, ch. 233."

Section 11, relating to the signing of bills of exception is codified in sec. 46 of Article 3 of Public Local Laws, Baltimore County.

Mr. Alexander in his notes to 13 Edw., 1, Title Exceptions, says it restored the practice existing before the Act of 1828, ch. 161, respecting bills of exception. *Alex. British Stat.*, 132.

Referring to the proper time for settling and signing a bill of exceptions, in the case of *Andre vs. Bodman*, 13 *Md.*, 256, 257, this Court said, "As to the time and circumstances of signing the exceptions, though the question is unimportant, inasmuch as the judgment will be reversed, we can express no opinion, other than that given in *Roloson vs. Carson*, 8 *Md.*, 226. It is a matter under the control of the inferior Court, whose ruling cannot be revised on appeal." In both of the cases last cited, the controversy was as to the right of the Court to require the counsel to proceed with the cause, and not delay to prepare the bills of exception during the trial, and in the former, it was expressly said, the Court " *under this Act* has a discretion as to what time the exceptions shall be either prepared or signed, provided they are completed prior to the verdict."

The Statute of 13 Edw., 1, ch. 31, prescribes no time for signing the bill of exceptions, but implies it shall be done promptly. Regarding the subject, independently of any State statutory regulation in respect to time, (and there is no regulation in the Code,) we think the weight of authority is, where there is no rule of Court to the contrary, or agreement of parties, or order of the Judge or Court appointing a time, that the bill of exceptions should be settled and signed at least during the term at which the trial was had.

After a careful collation and review of a number of cases, this Court in the case of the *Balto. Building Asso. No.* 2, *vs. Grant*, 41 *Md.*, 565, cites the following language of Chief Justice MARSHALL: "It would be dangerous to allow a bill of exceptions of matters dependent upon memory at a distant period, when he may not accurately

recollect them. And the Judge ought not to allow it." " If the party intends to take a bill of exceptions, he should give notice to the Judge at the trial; and if he does not file it at the trial, he should move the Judge to assign a reasonable time within which he may file it."

A practice to sign it *after the term*, must be understood to be a matter of consent between the parties, unless the Judge has made an express order in the term, allowing such a period to prepare it. *Ex parte Bradstreet*, 4 *Peters*, 102, *cited.* 41 *Md.*, 565.

In the present case the term had elapsed, another term intervened, and neither consent of the adverse counsel, nor order of the Court had been obtained extending the time.

Under these circumstances, the bill of exceptions comes too late. There being nothing for the Court to review, the judgment below must be affirmed.

*Judgment affirmed.*

(Decided 8th March, 1876.)