## JOHN A. LIVERS *vs.* JAMES H. ARDINGER, NEXT FRIEND OF OTHO C. ARDINGER.

*Time of Signing a Bill of Exceptions Under a Rule of Court.*

A rule of the Circuit Court for Washington County provides that every bill of exceptions must be submitted to the Judge for his signature, unless otherwise expressly ordered, "during the sittings of the term at which such exception shall be taken." After the trial below of this case, the regular sittings of the Court with the jury ended on March 22nd, when the jury was discharged for the term, and no regular session was held after March 25th, although the Court sat occasionally to dispose of special motions. The bill of exceptions was submitted to the Court and signed on April 10th. *Held*, that the exceptions were not signed during the sittings of the term within the meaning of the rule, and that the appeal must consequently be dismissed.

Appeal from the Circuit Court for Washington County.

The cause was argued before McSHERRY, C. J., FOWLER, PAGE, PEARCE and SCHMUCKER, JJ.

*William H. A. Hamilton* (with whom was *Ernest Hoffman* on the brief), for the appellant.

*M. L. Keedy* (with whom was *Lewis D. Syester* on the brief), for the appellee.

PAGE, J., delivered the opinion of the Court.

In this case the motion to dismiss the appeal must prevail.

The forty-first rule of the Circuit Court for Washington County, provides that every exception must be noted at the time of the ruling made, but may be reduced to writing and submitted to the Judge or Judges for his or their signature, within a reasonable time after the trial. It further provides, that " in every case, unless otherwise expressly allowed by the Court, the bill of exceptions shall be prepared and submitted to the Court during the sittings of the term at which such exception shall be taken."

Ever since the statute of Westminster 2nd, the principle that " no bill of exceptions is valid, which is not for matter excepted to at the trial," has been well settled; and also, that it was " seasonably taken " must appear affirmatively therein, is equally well settled. *Balt. Building Asso., &c.,* v. *Grant,* 41 Md. 564; *U. S.* v. *Carey,* 110 U. S. 51. The reduction of the exception to proper form may, however, be deferred to some more convenient time after the trial, but in the absence of a special rule it must be presented for the signature of the Court, within and during the same term at which it was taken. *State, use of James* v. *Kent Co.,* 83 Md. 384.

To these requirements respecting the period, during which bills of exception may be presented to the Court for its signature, the rule of the Washington County Court adds another; viz., that in *every* case, the bills of exception shall be submitted to the Court, " during the *sittings* of the term " at which it shall be noted. In the case of *Schulze* v. *Fox,* 53 Md. 40, which was an appeal from the Baltimore City Court, where there was a rule of Court requiring bills of exceptions to be submitted to the Court during the sittings of the Court, unless otherwise expressly allowed, the case was tried at the January term, and on the morning of Monday, the twelfth of May, which was the first day of the following term and before the calling of the May term, the Court, upon application, passed an order extending the time to prepare and file the exception. Upon these facts the Court held that there was " nothing to show that the

sittings of the January term did not continue during the whole term, and the question therefore is, was the order extending the time passed during the term." In the case at bar, there is no order of the Court extending the time, and therefore the only question is, was the Court for Washington County "sitting" within the meaning of the rule, on the tenth day of April, the day on which the bills of exception were presented to the Judges for their approval and signature. How then must the phrase, " during the sittings of the term " as employed in the rule, be construed?

An inspection of the record will show that the February term of the Washington County Court was never formally adjourned until the May term actually began. After the continuous sittings from day to day ceased; after the jury was discharged for the term, and presumably after the general business, as indicated by the calendar, had been disposed of, there were sittings on special days, during which special matters were attended to ; as for instance, on one occasion, a motion to quash was heard ; on another, several parties were sentenced to various terms of imprisonment; on another, jurors for the ensuing term were drawn, and on other occasions nothing at all. Can these special sittings be parts of the " sittings of the term," as contemplated by the Court, which prepared and established the rule? Such a construction would not be effectual to work any change whatever in the rule theretofore in force, by which a party had the whole term during which to submit his bills of exception. We are of opinion, that the purpose of the rule was to require the presentation of bills of exception, to be made at a time when the testimony given at the trial and the course of its events were still fresh in the minds of Court and counsel. It was, therefore, ordered that the attention of the Court should be called to the exceptions, during the period when the general business of the term was being disposed of, and before the minds of the Judges had become occupied with other matters. To postpone the submission of bills of exception to a time more remote than this could

only result in uncertainties as to what had actually occurred at the trial, and by reason thereof provoke controversies between counsel, which would be most difficult of satisfactory adjustment, by reason of the impossibility of determining with precision what had actually transpired. For these reasons, it seems to be clear, that the phrase " during the sittings of the term," as employed in the rule, must be taken to mean those sittings which are being held at the time of the trial. According to the practice throughout the State, the Circuit Courts meet on the first day of the term, and continue their sessions from day to day, until they have disposed of all the cases on their several dockets. These sittings are those that are referred to in the rule, by the use of the words " the sittings of the term," but they do not include special sittings, held after the "sittings of the term," for the purpose of keeping the Court in session during the term, for the transaction of such business as may arise from time to time, after the regular sitting has ended.

The record in this case shows that the Court below met at the February term on the thirteenth day of that month. By reason of inclement weather and the consequent absence of jurors it adjourned until the twenty-second of the month. The regular sitting of the Court then begun, appears to to have continued until the twenty-second of March, at which time the petit jurors were discharged for the term. The general business of the term seems to have been concluded by the 25th of March, for thereafter the Court failed to hold regular sessions and the record shows transacted special business only, and at the session of April the third and twenty-fourth, and May the first, nothing whatever was done, except to draw the jury for the ensuing term and hear protests against the granting of liquor licenses. It is therefore clear that the " sittings of the term," within the meaning of the rule had ended before the tenth day of April, the time when the bills of exception were submitted to the Court, and (there being no express allowance of further

time by the Court) were too late under the rule, and cannot now be considered by this Court.

The appeal must therefore be dismissed.

> *Appeal dismissed with costs to the appellee.*

(Decided November 24th 1899).