## JOHN SIELING *vs.* ROBERT T. BRUNNER.

*Bills of exception: preparation of—; time of signing; extensions; rule of Court. Howard county.*
*Appeal: dismissal.*

Although the exceptions to the ruling of a Court must be taken at the time the ruling is made, the bills of exception need not be prepared or be signed until after the trial, at some convenient time during the term after which the case is tried; but a Court may, by a special order passed during the term, extend the time for preparing the exceptions beyond the term.                                        p. 684

Bills of exception may also be prepared and signed after the expiration of the term by consent of the parties.        p. 684

Rule 32 of the Circuit Court for Howard County among other things provides that it shall be sufficient if the parties taking exceptions "note the same at the time of the ruling made, and thereafter within a reasonable time after the trial, reduce the exceptions to proper form, in conformity to the rules prescribed by the Court of Appeals for the regulations of appeals, or submit the same to the judge or judges for his or their signature, and in no case shall the progress of the trial be stayed or delayed for the formal preparation of bills of exception or direction of the Court. But in every

case unless otherwise expressly allowed by the Court, the bills of exception shall be prepared and submitted to the Court during the sittings of the term at which such exceptions shall be taken."

A case was tried during the September Term, 1911, of the Circuit Court for Howard County and on the 25th of that month a finding was had in favor of the plaintiff; on the 27th. of the month a motion for a new trial was filed by the defendant; the motion was overruled on December 4, 1911, and on the same day, *during the September term,* judgment was entered and immediately after the entry of the judgment the September term was adjourned and the December term called, and twenty-two days thereafter the bills of exception were signed; as the Court was in session until the 29th of September it was *held* that the appellant had ample time to have procured an order under the rule extending the time for the preparation and signing of the bills of exception.                                                            p. 686

When exceptions were not signed during the term and no application was made to the Court, or order signed or agreement filed, for an extension of the time, they will not be considered on appeal.                                                            p. 686

*Decided March 26th, 1912.*

Appeal from the Circuit Court for Howard County (FOR-SYTHE, JR., J.).

The cause was argued before BOYD, C. J., BRISCOE, PEARCE, BURKE, THOMAS, PATTISON, URNER and STOCK-BRIDGE, JJ.

*Edward M. Hammond* and *Frederick Dallam* (with whom was *Joseph Donovan* on the brief), for the appellant.

*James Clark* and *Samuel J. Fisher* (with whom was *Allan H. Fisher* on the brief), for the appellee.

BURKE, J., delivered the opinion of the Court.

The appellee sued the appellant in assumpsit in the Circuit Court for Howard County to recover certain commissions alleged to be due him for selling the appellant's farm. Issue was joined upon the general issue pleas, and the case was tried before the Court without a jury. The trial resulted in a verdict and judgment for the appellee, and the defendant has brought this appeal.

The appellee has filed a motion to dismiss the appeal upon two grounds: First, because the bills of exception were not submitted to or signed by the Court within the time prescribed by the 32nd Rule of the Circuit Court for Howard County; secondly, because the bills of exception were not submitted to or signed by the Court during the term at which the case was tried. There was no order signed in the case extending the time for signing the bills of exception.

It was said in *Carter* v. *Md. & Pa. R. R.*, 112 Md. 607, that "under the ordinary practice, although the exceptions to a ruling of the Court must be taken at the time the ruling is made, it is neither usual or necessary to prepare the bills of exception, or to have them signed until after the trial at some convenient time during the term at which the case is tried; unless otherwise specially ordered by the Court, which may by an order passed during the term extend the time beyond its expiration. The bills also may be prepared and signed after the expiration of the term by consent of the parties."

There was no consent by the appellee to the signing of the bills of exception in this case. On the contrary, the record shows that he positively objected to the Court signing them, and it is conceded that they were signed after the expiration of the term at which the case was tried. Unless, therefore, the bills of exception were signed within the period limited by the 32nd Rule of the Circuit Court for Howard County the appeal must be dismissed.

The portion of that rule which has relation to the question before us is as follows: "Every exception taken to the ruling of the Court in the progress of a trial shall be noted at the time of the ruling made, and the ground of the exception stated; and when such exception is taken to the granting or refusal of instructions to the jury, the parties so excepting shall state to what prayer or instruction the exception is intended to imply; and as it would greatly and unnecessarily retard the business of the Court were it required that upon any exception taken the progress of a trial should be stayed until the formal bill of exception should be prepared and signed by the judge or judges, it shall be sufficient that the parties taking the exception note the same at the time of the ruling made, and, thereafter, within a reasonable time after the trial, reduce the exceptions to proper form, in conformity to the rules prescribed by the Court of Appeals for the regulations of appeals, and submit the same to the judge or judges for his or their signature, and in no case shall the progress of the trial be stayed or delayed for the formal preparation of bills of exception or direction of the Court. But in every case, unless otherwise expressly allowed by the Court, the bills of exception shall be prepared and submitted to the Court during the sittings of the term at which such exceptions shall be taken."

The case was tried during the September Term, 1911, of the Circuit Court for Howard County, and on the 25th day of that month a finding was had in favor of the plaintiff for nine hundred and thirty dollars. On the 27th day of September a motion for a new trial was filed by the defendant. This motion was overruled by the Court on December 4th, 1911, and on the same day, *during the September Term,* the judgment appealed from was entered, and immediately after the entry of the judgment the September Term was finally adjourned and the December Term called, and twenty-two days thereafter the bills of exception were signed.

The record shows that the Court was in session engaged in the trial of cases until the 29th of September, 1911. The appellant, therefore, had ample time to have procured an order under the rule extending the time for the preparation and signing of the bills of exception.

They were not signed, therefore, during the term at which the case was tried, and no application was made to the Court, or order signed by it extending the time for signing them. Under the plain language and meaning of the rule, and upon the authority of *Livers* v. *Ardinger*, 90 Md. 36, which we regard conclusive upon the question, the appeal must be dismissed.

*Appeal dismissed, with costs to the appellee.*