# MARGARET A. BOYD
## *vs.*
# MARY KELLOG.

*Bills of Exceptions: preparation; time for—.*
*Rules of Court.*

Where a rule of Court provides that, unless otherwise expressly allowed by the Court, bills of exception shall be prepared and submitted during a sitting of the term at which such exceptions were taken, exceptions submitted after the adjournment of the term of Court at which they were taken are too late.

pp. 43-45

The sittings of the term referred to in the rule do not include special sittings, held after the sittings of the term, for the transaction of such business as may arise from time to time, after the regular term was ended.                                            p. 44

*Decided May 2nd, 1913.*

Appeal from the Circuit Court for Howard County (FORSYTHE and BRASHEARS, JJ.).

The facts are stated in the opinion of the Court.

The cause was submitted to BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER, STOCKBRIDGE and CONSTABLE, JJ.

*John G. Rogers* and *Henry A. Whitaker,* filed a brief for the appellant.

*Walter W. Preston* and *James Clark,* filed a brief for the appellee.

BURKE, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Circuit Court for Howard County. The amended declaration upon which the case was tried charged the appellee with negligence in guarding and looking after a fire which she had started on

her own property, and that in consequence of such negligence
the fire spread over the lands of the appellant and burned and
destroyed her timber, rails and fences. At the conclusion of
the plaintiff's case, the Court granted a prayer which directed
a verdict in favor of the defendant,—the Court being of
opinion that under the pleadings and evidence the plaintiff
had offered no evidence legally sufficient to entitle her to
recover. A motion has been made by the appellee to dismiss
the appeal, and we are of opinion that this motion must pre-
vail.

The thirty-second rule of the Circuit Court for Howard
County relating to exceptions taken to the rulings of the
Court and the preparation and signing of bills of exception
provides that, "in every case, unless otherwise expressly al-
lowed by the Court, the bill of exceptions shall be prepared
and submitted to the Court during the sittings of the term at
which such exceptions shall be taken." This rule was con-
sidered by this Court in *Sieling* v. *Brunner,* 117 Md. 682,
and the appeal in that case was dismissed upon the authority
of the case of *Livers* v. *Ardinger,* 90 Md. 36. In that case
the Court construed the forty-first rule of the Circuit Court
for Washington County which was identical in language with
that portion of the rule of the Circuit Court for Howard
County above quoted. In dealing with the facts disclosed by
the record in that case and in determining the proper con-
struction to be placed upon the rule, the Court said: "After
the continuous sitting from day to day has ceased; after the
jury was discharged for the term, and presumably after the
general business, as indicated by the calendar, had been dis-
posed of, there were sittings on special days, during which
special matters were attended to; for instance, on one occa-
sion, a motion to quash was heard; on another, several parties
were sentenced to various terms of imprisonment; on an-
other, jurors for the ensuing term were drawn, and on other
occasions nothing at all. Can these special sittings be parts
of the 'sittings of the term,' as contemplated by the Court

which prepared and established the Rule? Such a construction would not be effectual to work any change whatever in the rule theretofore in force, by which a party had the whole term during which to submit his bills of exception. We are of opinion that the purpose of the rule was to require the presentation of bills of exception, to be made at a time when the testimony given at the trial and the course of its events were still fresh in the minds of Court and counsel. It was therefore, ordered that the attention of the Court should be called to the exceptions, during the period when the general business of the term was being disposed of, and before the minds of the judges had become occupied with other matters. To postpone the submission of bills of exception to a time more remote than this could only result in uncertainties as to what had actually occurred at the trial, and by reason thereof provoke controversies between counsel, which would be most difficult of satisfactory adjustment, by reason of the impossibility of determining with precision what had actually transpired. For these reasons, it seems to be clear, that the phrase 'during the sittings of the term,' as employed in the rule must be taken to mean those sittings which are being held at the time of the trial. According to the practice throughout the State, the Circuit Courts meet on the first day of the term, and continue their sessions from day to day, until they have disposed of all the cases on their several dockets. These sittings are those that are referred to in the rule, by the use of the words 'the sittings of the term,' but they do not include special sittings, held after the 'sittings of the term,' for the purpose of keeping the Court in session during the term, for the transaction of such business as may arise from time to time, after the regular sitting has ended."

The record in this case shows that the verdict was rendered on the 24th of September, 1912, and that the judgment was entered on the verdict in favor of the defendant for costs on the 30th day of September, 1912. It further shows that on September 25th, 1912,—the day following the trial of this case,—the Court took up the case of *Oldfield* v. *Oldfield,* and

was occupied in the trial of that case until the morning of September 30th, 1912, and in the afternoon of that day the Court disposed of the case of *State* v. *Warfield,* and that being the last case for trial during the September Term, the Court discharged the jury from further attendance. Nearly a month later, the Court met and overruled a motion for a new trial, and nothing further appears to have been done during the September Term.

"No application was made to the Court for an order extending the time for the signing of bills of exception in this case, until the 30th day of November, 1912, when an order was passed extending the time until December 10th, 1912." The bills of exception in this case were signed on the 5th day of December, 1912, after the adjournment of the September Term.

It is perfectly clear, upon the facts and under the authority of the two cases cited, that the bill of exceptions in this case was not signed "during the sittings" of the term at which the exceptions were taken. They were signed over the protest of the appellee. At the time the order extending the time was signed, the time for signing a valid bill of exceptions had passed. The Court then had no power under the rule to sign a bill of exceptions, and it could not re-invest itself with that power by the order of extension signed after the "sittings" of the September Term. Such a construction would nullify the rule. The extension of time for the preparation and signing of the exceptions, if desired, must be obtained during the sittings of the term. To hold otherwise would ignore the reasons which induced the passage of the rule. Where competent official stenographers are employed by the Courts, the reasons which led to the passage of such a rule as the one under consideration no longer exists, but where such a rule is in force this Court has no power to repeal or modify it.

*Appeal dismissed, with costs to the appellee.*