# C. PAUL RAY, JUNIOR, AND LEE M. RAY,
## TRUSTEES, ET AL.,

### vs.

## WILLIAM A. MORSE.

*Bill of Exceptions—Necessity—Time of Presentation.*

In the absence of a special rule of the trial court prescribing the time for preparing bills of exception, the general rule is that they must be prepared and presented to the judge during the term at which the case is tried, unless the time is extended by an order of court passed during the term.    p. 531

Where the time has been expressly extended by the court during the time limited by the rule of court, or during the term if there is no rule upon the subject, it may be further extended by the court by an order passed before the expiration of the previous extension, but unless the exceptions are submitted to the trial judge within the time thus allowed, or are signed by the consent of the parties, they cannot be considered on appeal.    p. 532

Where the record showed that the time allowed by an order extending the time for filing exceptions had expired before an order granting a second extension was passed, and the bill of exceptions was not submitted to the judges of the lower court within the time prescribed by rule of court, or any authorized extension of that time, but was filed long after the expiration of the last order extending the time for preparing and submitting it, and after the expiration of the trial term and succeeding term of the court, it was proper to dismiss the appeal.
pp. 532, 533

The evidence or statement of the facts necessary to properly present the rulings of the trial court excepted to should be set out in the bills of exception to be signed by the judge, and can be brought to the attention of the appellate court only by formal bills of exception, or a certificate of the judge or judges who presided at the trial.    p. 533

Each ruling of the court should be made the subject of a separate exception, and several exceptions to rulings on the evidence should not be included in one bill of exception.  p. 533

The ruling of the court on the prayers offered at the conclusion of the evidence is regarded as a single act, and may be embraced in one bill of exception, which should set out the prayers, especially the ones to which the exception relates.

p. 533

A motion for a new trial is addressed to the discretion of the trial judge, whose action thereon cannot be reviewed by the appellate court.                                    p. 533

*Decided March 2nd, 1922.*

Appeal from the Circuit Court for Somerset County (BAILEY and DUER, JJ.).

Mechanic's lien proceeding by William A. Morse against C. Paul Ray, Junior, and Lee M. Ray, trustees under the last will and testament of Chester P. Ray, deceased, and others. From a judgment for plaintiff, defendants appeal. Dismissed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*L. Paul Ewell,* with whom were *Ewell & Child* on the brief, for the appellants.

*James M. Crockett,* with whom were *Crockett & Crockett* on the brief, for the appellee.

THOMAS, J., delivered the opinion of the Court.

This appeal is from a judgment of the Circuit Court for Somerset County.

The appellee has filed a motion in this Court to dismiss the appeal on the ground that the bill of exceptions was not prepared and submitted to the judges of the court below within the time prescribed by the rule of that court, or the order of court extending the time for the preparation and submission of the same, and was not submitted to or signed

by the judges of the court during the term thereof at which
the case was tried, or during any extension of the time for
that purpose, or by the consent of the parties.

The record contains a certified copy of the rule of the
court below, which, after providing how exceptions shall be
taken, declares:

> "In no case shall the progress of the trial be stayed
> or delayed for the formal preparation of bills of ex-
> ception unless it be by the permission or direction of
> the court, but it shall be sufficient that the party tak-
> ing the exception note the same at the time of the
> ruling made, and thereafter within a reasonable time
> after the trial, reduce the exception to proper form
> in conformity to the rules prescribed by the Court of
> Appeals for the regulation of appeals, and submit
> the same to the judge or judges for his or their sig-
> nature; provided, however, unless otherwise expressly
> allowed by the court, the bill of exceptions shall be
> prepared and submitted to the court within twenty
> days from the rendition of the verdict."

In the absence of a special rule of the trial court prescrib-
ing the time for preparing bills of exception, the general
rule of practice is that exceptions must be prepared and pre-
sented to the judge during the term at which the case is tried,
unless the time is extended by an order of court passed dur-
ing the term. In the case of *Thomas* v. *Ford,* 63 Md. 346,
where there was no rule of the trial court upon the subject,
CHIEF JUDGE ALVEY said: "Delay in the preparation of the
exception ought never to be allowed beyond the duration of
the term of the court at which the trial takes place, except
it be by the express permission of the court given during the
term. If the exception be presented to the judge after the
term, and without an order for the extension of the time, he
can only sign the exception by the consent of the parties."
This general rule has been uniformly followed by this Court.
*Wheeler* v. *Briscoe,* 44 Md. 308; *Amer. Tobacco Co.* v.
*Strickling,* 88 Md. 500; *Livers* v. *Ardinger,* 90 Md. 36; *Car-*

*ter* v. *Md. & Pa. R. Co.*, 112 Md. 599; *Sieling* v. *Brunner*, 117 Md. 682.

Where the time has been expressly extended by the court during the time limited by the rule of court, or during the term, where there is no rule upon the subject, it may be fur- ther extended by the court by an order passed before the expiration of the previous extension (*Carter* v. *Md. & Pa. R. Co., supra*), but unless the exceptions are submitted to the trial judge within the time thus allowed, or are signed by the consent of the parties, they cannot be considered by this Court on appeal. *Amer. Tobacco Co.* v. *Strickling, supra*; 2 *Poe, Pl. & Pr.*, sec. 219.

It appears from a copy of the docket entries in the record that the case was tried at the April term, 1921, of the court below, and that the verdict was rendered on April 19th. On the 2nd of May, 1921, the lower court, on the petition of the appellants, passed an order extending the time "for filing exceptions to the 15th of June." On the 20th of June "time for filing exceptions" was, by order of the court, again extended to the 15th of July, and on the latter date a further extension to August 1st, 1921, was allowed by order of the court. A bill of exceptions was filed on August 1st, but on the 24th of October, 1921, that bill of exceptions was, by leave of court, withdrawn, and on the same day the bill of exceptions contained in the record, called the "new bill" of exceptions," was filed.

The record therefore shows that not only had the time allowed in the order of May 2nd expired before the order granting the second extension was passed, and that the original bill of exceptions was not submitted to the judges within the time prescribed by the rule of court, or any authorized extension of that time, but that the bill of exceptions contained in the record was not filed until long after the expiration of the last order extending the time for preparing and submitting a bill of exceptions, and after the expiration of the trial term and succeeding term of the court.

Md.]                        Opinion of the Court.

Under the authorities referred to, the court below had no authority to pass the orders of June 20th and October 24th, 1921, without the consent of the parties, and as the record does not show that such consent was obtained, the motion to dismiss the appeal must prevail.

Before concluding this opinion we desire to call attention to the record in the case, and the manner in which the bill of exceptions was prepared.

The evidence or statement of the facts necessary to properly present the rulings of the trial court excepted to should be set out in the bills of exception to be signed by the judge, and can only be brought to the attention of this Court by formal bills of exception, or a certificate of the judge or judges who presided at the trial. Each ruling of the court should be made the subject of a separate exception, and several exceptions to rulings on the evidence should not be included in one bill of exception. The ruling of the court on the prayers offered at the conclusion of the evidence is regarded as a single act, and may be embraced in one bill of exception, which should set out the prayers, especially the ones to which the exception relates. A motion for a new trial is addressed to the discretion of the trial judge, whose action thereon cannot be reviewed by this Court.

In the record before us, the second bill of exception contains a number of rulings on the evidence. In the fourth bill of exception the plaintiff's prayer, which is apparently the only one to which the exception refers, was omitted. The record states that this was due to the fact that the prayer was not found among the papers in the case. The fifth exception is to the ruling of the court on the motion for a new trial. The record contains a number of letters which are not included in any of the bills of exception, and which cover about five pages of the printed record, and the defendants' prayers, which were included in the fourth bill of exception, are again set out at the end of the record.

*Appeal dismissed, with costs.*