# MILTON BASTABLE ET AL.

### vs.

# HARRIET GRIFFITH BASTABLE ET AL., EXECUTORS.

*Bills of Exception—Time of Presentation.*

Bills of exception, not presented to the trial judge or signed by him within ten days before the expiration of the time within which the record is required to be transmitted to the Court of Appeals, as required by Acts 1916, ch. 625, applying to the courts of Baltimore City, cannot be considered on appeal, in the absence of any agreement or order extending the time.

*Decided December 4th, 1923.*

Appeal from the Court of Common Pleas of Baltimore City (DUFFY, J.).

Caveat proceeding by Milton Bastable and May Bastable against Harriet Griffith Bastable and the Safe Deposit and Trust Company, executors under the will of Alvin N. Bastable, deceased. From the rulings of the lower court, said caveators appeal. Dismissed.

The cause was argued before BOYD, C. J., BRISCOE, THOMAS, PATTISON, URNER, STOCKBRIDGE, ADKINS, and OFFUTT, JJ.

*J. Cookman Boyd,* for the appellants.

*Randolph Barton, Jr.,* and *Laurie H. Riggs,* with whom was *J. Craig McLanahan* on the brief, for the appellees.

THOMAS, J., delivered the opinion of the Court.

This appeal is from the rulings of the Court of Common Pleas in the trial of issues sent from the Orphans' Court of Baltimore City, involving the validity of a paper writing purporting to be the last will and testament of Alvin N. Bastable, deceased.

The appellees have filed a motion to dismiss the appeal on the ground that the bills of exception were not presented to or signed by the judge who presided at the trial below within the time prescribed by the statute.

Section 6 A of article 5 of the Code, as enacted by chapter 356 of the Acts of 1922, provides that,

> "all appeals from any decisions, or determinations or rulings of a court of law in cases of issues sent from the Orphans' Court to a court of law to be tried, to the Court of Appeals of Maryland, shall be taken within two months from the date the verdict is rendered, unless a motion for a new trial is duly filed, in which case the appeal shall be taken within two months from the date upon which such motion for a new trial is denied, overruled or dismissed; and the transcript of the record shall be transmitted to the Court of Appeals within three months from the time of the appeal taken."

Chapter 625 of the Acts of 1916, amending the Public Local Laws of Baltimore City, provides:

> "Bills of exceptions may be signed in any cause pending in any of said courts, at any time within the period that the parties, or any of them, shall have the right to file an appeal from the rendition of the verdict by the jury or the findings of the court upon the issue of fact in said cause; and upon filing the order for such an appeal, the time for signing said bills of exceptions shall thereby be further extended until ten days before the period within which it is required that the record shall be transmitted to the Court of Appeals," etc.

The record in this case shows that the verdict of the jury was rendered on the 11th of December, 1922; that the order for appeal to this Court was filed on January 9th, 1923, and that the bills of exception were not presented to or signed by the trial judge until the 4th of April, 1923. It thus appears that the bills of exception were not, as required by the Act of 1916, presented to the trial judge or signed by him within ten days before the expiration of the time within which the record was required to be transmitted to this Court.

Counsel for the appellants filed an answer to the motion to dismiss the appeal, in which he states that he and counsel for the appellees, on the 19th or 20th of March, 1923, appeared before Judge Duffy, who presided at the trial below, with the bills of exception which he had previously prepared and submitted to counsel for the appellees, for the purpose of having Judge Duffy determine whether certain exhibits should be included, and that Judge Duffy determined that the exhibits referred to should be inserted in the bills of exception; that it was understood at said meeting before Judge Duffy that he, counsel for the appellants, expected to leave the city on account of his health and would not return until the first of the following month, and that it was also understood at said meeting that counsel for the appellees would send counsel for the appellants copies of the papers they desired to have inserted, and that the bills of exception were to be signed by Judge Duffy after counsel for the appellants returned to the city, and that within three days after his return, the exceptions, with the desired corrections, were presented to and signed by Judge Duffy.

In reply to the answer filed by counsel for the appellants, counsel for the appellees state that they were anxious to have the record sent to this Court in time for the April term, and that when they received the bills of exception from counsel for the appellants on March 12th they had a number of copies made of the sheets containing the corrections they desired, and also had copies made of the will they desired to have

inserted, and wrote counsel for the appellants on March 16th offering to turn said copies over to him to be inserted in the bills of exception, and to go with him the following day to present the matter to JUDGE DUFFY; that they appeared with counsel for the appellants before JUDGE DUFFY on the 19th or 20th of March, and that JUDGE DUFFY decided that the draft submitted by counsel for the appellees should be adopted, and then proposed that he sign the exceptions at that time, which counsel for the appellees urged should be done, as otherwise it would be too late to have the record transmitted in time for the April term of this Court, but that counsel for the appellants replied that he was not interested in having the case ready for the April term, and left the courtroom with all the papers; that counsel for the appellees heard nothing more in regard to the exceptions until the morning of April 4th, when they were advised by JUDGE DUFFY that the bills of exception had that day been presented to him for his signature; that, as stated in the certificate of JUDGE DUFFY set out in the record, they then protested against the signing of the exceptions on the ground that under the statute the time within which they could be signed had elapsed, and that JUDGE DUFFY replied that that "was a matter for the Court of Appeals to pass upon."

In the case of *Thomas* v. *Ford,* 63 Md. 348, CHIEF JUDGE ALVEY said: "If the exception be presented to the judge after the term, without an order for the extension of the time, he can only sign the exception by the consent of the parties." In the case of *American Tobacco Co.* v. *Strickling,* 88 Md. 500, where the appeal was dismissed on the ground urged here, the Court, speaking through the present CHIEF JUDGE, said: "There was no consent of the parties and the order extending the time of signing was passed after the expiration of the thirty days from the rendition of the verdict. * * * If there had been error in the rulings of the court below, it might have seemed a hardship that the appellant should have lost his right of appeal by being only one day too late, but neither this Court nor the court below can disregard the

plain language of the statute," and in the comparatively recent case of *Ray* v. *Morse,* 140 Md. 529, the Court said: "Unless the exceptions are submitted to the trial judge within the time thus allowed, or are signed by the consent of the parties, they cannot be considered by this Court on appeal." In view of the statements of counsel to which we have referred it cannot be said that the exceptions in this case were signed by the consent of the parties. Indeed, we understood counsel for the appellants in his argument of the motion to admit that there was "no specific agreement of counsel" that the exceptions should be signed after his return from his trip, and the certificate of Judge Duffy shows that he signed them on April 4th against the protest of counsel for the appellees.

Notwithstanding the exceptions were not signed within the time limited by the Act of 1916, or by the consent of the parties, we have carefully examined them and do not find reversible error in any of the rulings complained of, and but for the fact that it is our duty to follow the plain language of the statute and dismiss the appeal, we would affirm the rulings from which the appeal was taken.

*Appeal dismissed, with costs.*