HENRY L. JOHNSON *v.* LEON E. VENABLE ET AL.

*Presumption on Appeal—Filing Bill of Exceptions—Action on Note—Evidence.*

Where an order for an appeal from the striking out of a judgment for plaintiff was countermanded, and no exception was taken to the court's action in this regard, and no mention made thereof in the brief of plaintiff, appealing from a subsequent judgment for defendants, *held* that the correctness of that action was to be regarded as conceded.                     p. 349

Where the time for filing bills of exception was extended on May 28th and again extended on July 14th, the fact that the record failed to show to what date the first extension was made

JOHNSON *v.* VENABLE.

did not render the second extension invalid, and so require the dismissal of the appeal, the presumption being that the second extension was granted within the time covered by the first extension, in accordance with the law.                    p. 350

The Court of Appeals cannot review the action of the lower court in granting a prayer, if the record does not contain the prayer or a statement of its contents.                    pp. 350, 351

The exclusion of evidence cannot be reviewed if the evidence does not appear in the record.                    p. 351

A statement in the opinion on a former appeal that a note was admissible in evidence under the declaration filed in the case was conclusive on a subsequent appeal.          pp. 351, 352

In an action by the payee of a note against the maker thereof, the former was entitled to testify as to his transactions with the latter at the time the note was given, and as to the consideration therefor.                    p. 352

In an action on a note against the maker and indorser, the plaintiff was entitled to testify, at least as to the maker, whether the note had been paid, or whether there was anything due thereon, and also as to the maker's indebtedness to him at the time of the delivery of the note.                    p. 352

Where no payee was named in a note at the time of its endorsement, one to whom it was delivered by the maker had implied authority to fill in his own name as payee, for the purpose of an action by him thereon against the maker and the indorser's personal representatives.                    p. 353

*Decided April 7th, 1926.*

Appeal from the Circuit Court for Dorchester County (BAILEY and DUER, JJ.).

Action by Henry L. Johnson against Leon E. Venable, and Annie L. Phillips and W. Raymond Phillips, administrators of William S. Phillips. From a judgment for defendants, plaintiff appeals. Reversed.

The cause was argued before BOND, C. J., URNER, ADKINS, OFFUTT, DIGGES, PARKE, and WALSH, JJ.

*T. Sangston Insley,* with whom were *Henry & Henry* and *Harrington & Harrington* on the brief, for the appellant.

*F. W. C. Webb* and *V. Calvin Trice,* with whom were *Levin C. Bailey* and *Woodcock & Webb* on the brief, for the appellees.

WALSH, J., delivered the opinion of the Court.

This suit involves a confessed judgment note for $6,000, payable to Henry L. Johnson, the appellant. and signed as maker by Leon E. Venable, one of the appellees of record, and endorsed by William S. Phillips, now deceased, whose interests are represented by his administrators, Annie L. and W. Raymond Phillips, the other appellees. This is the second appeal in the case, the opinion of the Court in the first appeal being reported in 143 Md. 16, reference to which is here made for a more complete statement of the facts than will be attempted in this opinion. In the first appeal the Court decided, *inter alia,* that under the broad terms of the endorsement signed by Phillips he had become a maker of the note, that a joint judgment could be entered against Phillips and Venable, that the note was a non-negotiable one, and that on the record before the Court at that time the lower court had erred in striking out the judgment which the clerk of court had entered on the note against both Phillips and Venable. After the case was remanded the lower court heard testimony on the motion filed by Phillips to strike out the judgment, and subsequently it again struck out the judgment, but retained the lien pending the outcome of a trial on the merits. An order for an appeal was then entered by Johnson, the appellant, but this order was later countermanded, and as no exception was taken to the court's action in striking out the judgment, and no mention is made of the matter in the appellant's brief, we must assume that the correctness of that action is conceded. The case was later tried before a jury, and the verdict and judgment being in favor of the defendants, the plaintiff appealed.

A. motion to dismiss the appeal was filed by counsel for the administrators on the ground that the bills of exception were not filed on time. It appears that the rules of court for Dorchester County require bills of exceptions to be filed within twenty days from the rendition of the verdict. The verdict in this case was rendered on May 11th, 1925, on May 26th, 1925, the time for filing exceptions was extended, but it does not appear to what date the time was extended, and on July 14th, 1925, the time was again extended, to August 1st, 1925. The appellees insist that the failure of the record to show to what date the time for filing exceptions was first extended is a fatal defect which renders the second extension invalid, and thus requires the dismissal of the appeal, but to this we cannot assent . It was conceded at the argument that the original order of court granting the first extension had become mislaid or lost, and that the docket entries, though they showed that such an order had been passed, failed to show the date to which the time was extended. The docket entries do show, however, that on July 14th, 1925, the lower court passed an order extending the time to August 1st, 1925, and under these circumstances we must assume that the lower court acted correctly, and granted the second extension within the time covered by the first extension. There is not the slightest evidence or intimation that it did not do so, and in the absence of such a showing the presumption that the trial court acted in accordance with the law must prevail. The motion to dismiss the appeal is, therefore, overruled.

There are twelve exceptions in the record, the first eleven involving questions of evidence, and the last being taken to the action of the learned court below in granting a prayer offered by the defendants' counsel at the close of the plaintiff's case. This prayer is not set out in the record, nor is there in the record any agreement or statement as to what the prayer contained. It is accordingly impossible for us to rule on it. The appellant states in his brief that the prayer in question directed the jury to return a verdict for the administrators of Phillips, but we cannot consider this because

we are bound to decide matters in accordance with what the
record shows, and on this particular matter the record before
us is silent. If, as was intimated at the argument, the orig-
inal prayer was lost, it would seem to have been a simple
thing, at least in this case, for counsel to have agreed on a
statement as to what the prayer contained, or to have agreed
on a copy of it, and to have inserted such statement or copy
in the record, but, whether this could have been done or not,
the failure of the record to show the prayer or its contents
renders it impossible for us to consider it. *Ray v. Morse,*
140 Md. 529, 533.

And for much the same reason we cannot consider the
eleventh exception, which was taken to the refusal of the
trial court to admit in evidence testimony given by Phillips
at a hearing of the motion to strike out the original judg-
ment entered on the note. This testimony, if relevant to the
issues in the trial of the case on the merits, would be admissi-
ble. *Price v. Lawson,* 74 Md. 499, 509. But it likewise is
not in the record, and so we cannot pass upon it.

The chief question in the case is presented by the ninth
and tenth exceptions, which were taken to the refusal of the
court below to permit the note sued on to be introduced in
evidence. At the time the original judgment was entered on
the note, the appellant filed the note, and also filed a declara-
tion in which was set out his claim under the note against
Venable as maker, and against Phillips as endorser, but no
mention is made in the declaration that the note was given
as collateral for other notes held by the payee. The appel-
lees here contend that as the note shows its collateral nature
on its face, having written across it the words, "Up as col-
lateral on discounted notes—any and all notes," it could not
properly be admitted in evidence under the declaration filed
in the case. We think this question was disposed of in the
previous appeal. *Johnson v. Phillips, supra.* In the course
of the court's opinion in that case, which was delivered by
Chief Judge Boyd, it is said: "So far as the objection made
by the appellee is concerned, that the note could not be offered
in evidence, as there would be a variance, the *Emerson* case

(*Emerson v. Aultman,* 69 Md. 134) effectively disposes of that. Nor can there be any difficulty by reason of the declaration not showing that it was a collateral note. While it would be good practice, it is not necessary to file an agreement stating the conditions upon which the note was executed." This is certainly a statement by this Court that the very note now before us is admissible under the same declaration we are considering, and we must accordingly hold that the rulings of the learned court below on the ninth and tenth exceptions were erroneous.

The first, second and fifth exceptions were taken to the refusal of the court below to permit the appellant to testify as to his transactions with the defendant Venable at the time the note was given, and to state the consideration given for the note. In view of the fact that Venable was being sued in this case as the maker of the note, it is difficult to see on what theory the above rulings were made, and indeed the appellees apparently concede in their brief that they were erroneous, but they contend that this error was cured by testimony on the same points subsequently admitted by the trial court. Whether the subsequent testimony had this effect or not is, however, immaterial, because the case will have to be remanded on other grounds for a new trial, and at this retrial we think the evidence involved in the three exceptions under consideration should be admitted.

The third, fourth and sixth exceptions were taken to the action of the court in refusing to permit the appellant to state whether the note sued on had been paid in whole or in part, and whether any of it was due. We think this testimony was competent. Venable, the maker of the note, was one of the defendants in the case, and no reason occurs to us why the plaintiff could not testify, at least as to him, whether it had been paid, or whether there was anything due on it.

We also think there was error in the rulings on the seventh and eighth exceptions, under which the appellant was not allowed to testify concerning Venable's indebtedness to him at the time the note in question was delivered. Probably all these rulings were based on the theory that the note itself

was not admissible in evidence, and that hence testimony regarding its payment etc. was not proper. But, as we said above, the note was admissible, and, in our opinion, the evidence involved in the five exceptions last considered was also admissible.

The record shows that, at the time Phillips endorsed the note, no payee was named in it, and that the appellant, after it was delivered to him by Venable, filled in his own name as payee. The appellees suggest that this invalidated the note, but to this we cannot agree. The general rule regarding the filling in of blanks is thus stated in 2 *Corpus Juris,* 1242: "Blanks, of any description, left in writings not under seal, may, except so far as prohibited by the statute of frauds, be filled in pursuance of mere parol authority, and it may be laid down generally that if one signs an instrument containing blanks, he must be understood to intrust it to the person to whom it is so delivered to be properly filled in, according to the agreement between the parties, and when so filled the instrument is as good as if originally executed in complete form. Thus where one signs or indorses a note or bill containing blanks to be filled, the delivery of such an instrument is an authority to fill up the blanks in conformity with the original agreement."

And see also 2 *C. J.* 1245, and cases cited in notes; 3 *R. C. L.,* p. 874; *Linthicum v. Bagby,* 131 Md. 648; and Code, art. 13, sec. 33. We find nothing in the record before us to justify excepting the instrument sued on from the application of this rule.

Because of the errors heretofore mentioned the judgment appealed from will be reversed.

> *Judgment reversed, and new trial awarded,*
> *with costs to the appellant.*