R. G. NICHOLSON ET AL. v. MARY J. E. WALTERS.

*Workmen's Compensation—Question for Jury—Bill of Exceptions—Time of Signing.*

There being evidence that the superintendent of the ice manufacturing plant, at which deceased had worked as a general utility man, stated, immediately after deceased was killed on a railway track, that he had sent deceased to a junk house beyond the track, the question whether his death resulted from an accidental injury arising out of and in the course of his employment was for the jury.                    pp. 17, 18

In the absence of any rule of court upon the subject, the bills of exception cannot be signed after the term at which the case was tried, if no extension of the time for signing was granted during the term, and the appellees did not consent to a signing after the term.                    p. 18

*Decided March 24th, 1927.*

Appeal from the Circuit Court for Kent County (WICKES and KEATING, JJ.).

Claim under the Workmen's Compensation Law by Mary J. E. Walters, against R. G. Nicholson, employer, and the Manufacturers' Liability Insurance Company, insurer. From a judgment for the claimant, the employer and insurer appeal. Appeal dismissed.

The cause was argued before BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Southey F. Miles,* submitting on brief, for the appellants.

*Thomas H. Skipper,* with whom were *R. E. Kanode* and *Herbert E. Perkins* on the brief, for the appellee.

URNER, J., delivered the opinion of the Court.

At the trial, in the Circuit Court for Kent County, of an appeal by the widow of Joseph Charles Walters, deceased, from the disallowance of her claim under the Workmen's Compensation Law, the issue as to whether his death resulted from an accidental personal injury arising out of and in the course of his employment was submitted to the jury and was answered by their verdict in the affirmative. On this appeal from the judgment entered in pursuance of the verdict, the only question raised by exceptions in the record is whether there was any legally sufficient evidence justifying the submission of the issue to the jury.

Walters was regularly employed at an ice manufacturing plant at Chestertown. He was a general utility man. It was his duty at times to deliver ice from the factory to cars on the railway near which it was located. After beginning his work on the morning of June 24th, 1925, he left the plant temporarily, and while returning across the railway track he was struck by a train and fatally injured. Just before leaving the factory, he had been helping the superintendent to make some repairs on the building. It does not appear

that there was any occasion for him to take ice to the cars on that morning. But there was testimony to the effect that when Walters was being removed from the place of the accident, immediately after it occurred, the employer's superintendent was asked how the injured man happened to be there, and explained that he had sent Walters to a junk house beyond the railroad to get some plugs which were needed at the factory. It was proved that the point where the train struck Walters was nearly in a direct line between the factory and the junk house. The superintendent denied that he made the statement attributed to him, but the conflict in the evidence on that subject presented a problem for the jury, and not for the court, to solve. The evidence produced by the claimant, if believed by the jury, clearly admitted of the inference that the decedent lost his life from an accidental injury arising out of and in the course of his employment. The proposed instruction to the contrary was, therefore, rightly refused, and if the appeal could be entertained, the judgment would be affirmed.

But there is a motion to dismiss the appeal on the ground that the bills of exceptions in the record were not signed in due time. The case was tried at the April term, 1926, of the Circuit Court for Kent County. In the absence, so far as the record shows, of any rule of that court specifying a different period for the signing of bills of exceptions, they are required to be signed within the term at which the trial was held, or within such further time as the court may have prescribed by its order passed before the expiration of the term or of the additional period thus allowed or thereafter extended by orders continuously effective, unless the parties consent to the signing of the bills of exceptions at a later period. *Wheeler v. Briscoe,* 44 Md. 308; *Thomas v. Ford,* 63 Md. 346; *State, use of James, v. Kent County,* 83 Md. 377; *Carter v. Md. & Pa. R. Co.,* 112 Md. 599; *Boyd v. Kellog,* 121 Md. 42; *Wegefarth v. Weissner,* 132 Md. 601; *Ray v. Morse,* 140 Md. 529; *White v. State,* 143 Md. 535. An order of court was passed on October 7th, 1926, extend-

ing the time for signing the bills of exceptions in this case until November 20th, 1926. Before that date another order was passed granting a further extension, and prior to its expiration the court by its order specified a further period, during which the bills of exceptions were finally signed. But the July term of the Circuit Court for Kent County had intervened when the first of the extension orders was passed, and there was no consent by the appellee to the signing of the bills of exceptions after the close of the preceding term, at which the case was tried. Under such circumstances it is our duty to apply the rule approved in the cases we have cited, and the motion to dismiss the appeal must, therefore, be granted.

*Appeal dismissed.*