BALTIMORE PAINT & COLOR WORKS, INC., *v.*
AUTOMOTIVE ELECTRIC & PARTS COMPANY
[No. 46, October Term, 1937.]

*Decided December 10th, 1937.*

The cause was submitted on briefs to BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Harry O. Levin* and *Sigmund Levin,* for the appellant.
*Harry D. Kaufman* and *H. Lee Brill,* for the appellee.

OFFUTT, J., delivered the opinion of the Court.

This is an appeal from a judgment of the Superior Court of Baltimore City, entered on a verdict for the plaintiff in an action brought against the Baltimore Paint & Color Works, a body corporate, to recover damages for breach of a warranty as to the quality of certain varnish sold by the defendant to the plaintiff.

The *nar.* states that the plaintiff was engaged in the business of rewinding and assembling electrical armatures; that in the course of that work it coated the armatures with varnish, baked them, and placed them in a housing; that the defendant, knowing the use to which it would be put, offered to sell the plaintiff varnish "of the same or better character and quality" than that which it was then satisfactorily using, and which it purchased from another firm; that the plaintiff, relying upon that warranty, purchased twenty gallons of varnish for coating its armatures from the defendant, and used a part of it in a careful and proper manner for that purpose; but that the armatures coated with it became useless and unsaleable, and that, as a result of defendant's failure to furnish varnish of the character and quality represented, the plaintiff suffered loss.

The appellee has filed a motion to dismiss the appeal on the ground that the bills of exception were not signed within the time limited by Code Pub. Loc. Laws, art. 4, sec. 316.

The verdict was returned on April 6th, 1937, and on April 8th a judgment on the verdict was entered. On April 17th, 1937, the defendant filed his order for the appeal, and on July 9th, 1937, in the absence of the trial judge, the bills of exception were signed by another member of the Supreme Bench of Baltimore City.

The motion alleges that the bills were not submitted to counsel for the appellee within the time limited by the statute, that no extension of the time for signing them was ever asked or granted, and that they were signed over the objection of counsel for the appellee, and that the appellee did not waive his objection to the delay in signing the bills.

No answer was filed to the motion, nor was the motion itself verified, but in so far as its allegations are supported by the record they will be taken as true. 4 *C. J. S., Appeal and Error,* p. 1992.

The statute in part provides that: "Bills of Exceptions may be signed in any cause pending in any of said courts, at any time within the period that the parties, or any of them, shall have the right to file an appeal from the rendition of the verdict by the jury or the findings of the court upon the issue of fact in said cause; and upon filing the order for such an appeal, the time for signing said Bills of Exceptions shall thereby be further extended until twenty days before the period within which it is required that the record shall be transmitted to the Court of Appeals; provided that the party appealing, or his counsel, shall submit the bills of exception to the appellee, or his counsel, not less than thirty-five days prior to the time that the record must be filed in the Court of Appeals, for the purpose of amendments or additions to the said Bills of Exceptions, and the appellee, or his counsel, within ten days after said Bills of Exceptions shall have been submitted to him, shall return said Bills of Exceptions to the appellant, or his counsel, with such amendments or additions as he may desire. And upon his failure to return said Bills of Exceptions within said time, the Bills of Exceptions shall be signed by the Court, as originally prepared by the appellant, or his counsel." Code Pub. Loc. Laws, art. 4, sec. 316.

It is also apparent, from an examination of the statute (Code, art. 5, sec. 6) and the record, that the time within which the bills of exceptions might have been signed expired with June 27th, 1937, but that they were not signed until July 9th, 1937, and it also appears that no extension of that time was ever prayed or granted. Assuming that allegations, made in the motion, of facts not shown by the record, must in the absence of verification be disregarded, the established facts are that the bills of exceptions were not signed within the time lim-

ited by the statute, and that no order extending that time was ever passed.

The appellant, in its argument, assumes that, to support its motion, the burden was upon the appellee to show that it had not consented to the signing, that it had not waived its objection thereto, and that it was injured by the delay. But the rule is otherwise. It is true, as stated in *Christian v. Johnson Construction Co.,* 161 Md. 87, 101, 155 A. 181, that these provisions of the statute are directory and not mandatory, but the provisions of even a directory statute cannot be wholly disregarded. 25 *R. C. L.* 767. In *Lewis' Sutherland on Statutory Construction,* sec. 610, it is stated that "the violation of a directory statute is attended with no consequence," but he adds: "The statutory provisions which may thus be departed from with impunity without affecting the validity of statutory proceedings are usually those which relate to the mode or time of doing that which is essential to effect the aim and purpose of the legislature or some incident of the essential act. Directory provisions are not intended by the legislature to be disregarded; but where the consequences of not obeying them in every particular are not prescribed the courts must judicially determine them." And in any case a clear, specific, direction contained in a legislative act should at least be accepted as evidence of a legislative policy and intent which the courts should consider in determining a question which turns upon a violation of the statute. So that, while the consequences of the violation of a directory statute may be a judicial question to be decided in accordance with the excusatory or explanatory facts and circumstances attending the violation, in the absence of any such fact ordinarily the direction of the statute will be followed, where it is plain and explicit, and is consistent with the established practice and policy of the court dealing with the question. That at least appears to have been the view of this court in such cases as *Bastable v. Bastable,* 144 Md. 213, 124 A. 866, where the appeal was dismissed because the bills of exceptions were

not signed within the statutory period. In the absence of statute the time for signing bills of exceptions is usually limited to some period fixed by a rule of court or to some extension granted within that period, or within the period of a proper extension. The period fixed by statute or by rule of court within which such bills may be signed is in substitution for that provided by the common-law rule that exceptions must be settled and signed before verdict (4 *C. J. S., Appeal and Error,* 1346) and cases dealing with the consequences of violations of a rule of court that they must be signed within the term at which they were noted, are analogous to those dealing with violations of a statute, for the policy and purpose of the statutes and the rules are the same, to prevent delay in the administration of justice, and to insure a speedy and adequate consideration of cases by the appellate court. Such cases therefore as *Thomas v. Ford,* 63 Md. 346, 348; *American Tobacco Co. v. Strickling,* 88 Md. 500, 41 A. 1083; *Ray v. Morse,* 140 Md. 529, 118 A. 62; *Stiegler v. Eureka Life Ins. Co.,* 146 Md. 629, 655, 127 A. 397; *Nicholson v. Walters,* 153 Md. 16, 18, 137 A. 357, are in point and may be cited in support of the conclusion announced in *Bastable v. Bastable, supra.*

The burden was upon the appellant to perfect its appeal. It was therefore required to prepare and submit to the court its bills of exceptions within the time limited by the statute for the signing thereof. The court was authorized by the statute to sign them only within that period, unless satisfied that for some valid reason the delay was excusable or had been waived. If they were not signed within that period it was the duty of the appellant, not of the appellee, to explain and excuse the delay. The appellant contends that the record shows that the bills were signed "without any objections whatsoever," but there is no basis for that contention, since the record merely shows that they were signed, and when they were signed. The appellee was under no duty either to allege or prove negative matters of defence (4 *C. J. S., Appeal and Error,* p. 1991), although in its motion it not

only alleged that it neither consented to the act of the court in signing the bills nor waived its objection thereto, but in terms alleged that it objected to the action of the court in signing them. While those allegations have not been considered in deciding the question presented by the motion, they serve nevertheless to illustrate the nature of the defenses which the appellant should have shown had it desired to avoid the natural and ordinary consequences of the delay. It follows that the bills of exceptions are not properly in this court, and since, apart from them, no question is presented for review, the appeal must be dismissed.

*Appeal dismissed, with costs.*