## ROMEY SMITH (c) *v.* STATE OF MARYLAND

[Nos. 1, 2, 3 and 4, April Term, 1942.]

*Decided April 22, 1942.*

The cause was argued before BOND, C. J., SLOAN, DELAPLAINE, COLLINS, FORSYTHE, and MARBURY, JJ.

*William L. Marbury, Jr.,* for the appellant.

*Robert E. Clapp, Jr., Assistant Attorney General,* with whom were *William C. Walsh, Attorney General,* and *J. Bernard Wells, State's Attorney,* and *Anselm Sodaro, Assistant State's Attorney for Baltimore City,* on the brief, for the appellee.

COLLINS, J., delivered the opinion of the Court.

The record in this case contains four cases against Romey Smith, tried in the Criminal Court of Baltimore City, charging the appellant in four separate indictments, one with robbery, two with robbery with a deadly weapon, and one with assault. Sentences imposed were ten years in the first case, twenty years in the second case, twenty years in the third case and six months in the fourth case. After conviction and sentence, an appeal was taken by the appellant in like manner as in the cases of *Wilbur Coates (c) v. State,* 180 Md. 502, 25 A. 2d 676, reported immediately preceding the report of these cases. Immediately after the appeal was filed the judge of the trial court who has the cases, appointed counsel to represent the appellant in order to have his cases reviewed. That counsel did not see fit to file the motions as were filed in the Wilbur Coates cases, *supra,* and the only question before us in the cases of Romey Smith is whether the fact that he was not represented by counsel justifies a conclusion that the appellant has not been convicted according to the "law of the land." As no motions were made, the record was sent to us by the Criminal Court without any certification by the court. This appellant was an old offender and served a term at Cheltenham. He then served a jail sentence and later served ten years in the Maryland Penitentiary, less certain time off. In May of 1941 he was sentenced to four months in the Maryland House of Correction. He was

thirty years of age at the time of his trial and in reviewing the record his rights seemed to have been rather well protected. He was familiar with criminal trials.

His position differs from that of Coates in the further fact that the court took ample care of his rights and the record shows fair trials. The counsel, appointed by the court to prosecute these appeals, stated frankly in this court that he could find no objection to the trials in these cases and that the only question before us was whether the fact that he was not represented by counsel constituted a trial without "due process of law." In the cases of Wilbur Coates, *supra,* we found that he was not only not represented by counsel, but that very little protection was given him by the court or by anyone else during the trial. Evidence in confessions not properly introduced was used against him and he received sentences which if served would confine him to prison until he reached the age of one hundred and nine years, should he live that long. He was a young boy nineteen years of age and he had no experience in court procedure. In the cases now before us the record discloses that the court was careful to protect his rights in the production of evidence. At the close of the cases when the court asked him if he had anything to say, he said that he had a fair trial but that he had been framed. He then asked the court for mercy. He being an habitual offender, the court sentenced him in the four cases to fifty years and six months, which will keep him in prison until he is over eighty years of age, if he lives that long.

As was said in the case of *Wilbur Coates v. State, supra,* after a review of the cases in the Supreme Court: "Where the trial is fair and not a sham or pretense, the non-appointment of counsel does not appear to constitute lack of due process under decisions in the federal courts."

The length of a sentence within the limit prescribed by the statute is not sufficient ground for striking out the sentences. In this State, the custom has existed of

532

providing counsel for persons charged with capital crimes. In most of the county courts, counsel is appointed where convictions can be followed by long sentences in the penitentiary. Code, 1939, Art. 26, Secs. 7 and 8. A review of the Supreme Court decisions as set out in the Wilbur Coates cases, *supra,* seems to show that this provision is not required in all such cases indiscriminately. Especially in view of the actual fairness of the trials before us in these cases we find no grounds for reversal.

*Judgments affirmed, with costs.*