# ANDREW REID MYERS AND HERBERT MYERS

## vs.

## STATE OF MARYLAND.

*Criminal Law—Province of Jury—Motion in Arrest—New Trial—Receiving Stolen Goods—Evidence.*

Juries in criminal cases are, in this State, finally and exclusively the judges of the law as well as of the facts; and the only remedy for any mistake or error in the exercise of such power, or for any abuse of it, is by an application to the proper tribunal for a new trial.                    pp. 485-487

A motion for a new trial is addressed to the discretion of the court, and its exercise of that discretion is not reviewable on appeal, even though the motion is called a motion in arrest of judgment.                    p. 487

A motion in arrest of judgment lies only for defects and errors apparent upon the face of the record.                    p. 487

That the verdict was against the evidence and against the weight of the evidence, that the court erred in its rulings, and the existence of newly discovered evidence, while properly matters which could be urged as reasons for a new trial, cannot be considered in connection with a motion to arrest the judgment.                    p. 488

On a prosecution for receiving a stolen automobile, it was proper to permit a witness to testify as to his ownership thereof, its appearance when he last saw it, where that was, and the circumstances under which he lost it, even though this involved a statement by him that it was stolen by one of the defendants in another state.                    p. 488

A witness having testified as to memoranda made by him of the numbers and other identification marks on the stolen automobile, and that he made them in a certain week, it was proper for the court to ask him whether he made them "right at the time," since the right of the witness to refer to them might have depended on the time when the memoranda were made.                    p. 489

Error in permitting a question to be asked of defendant, seeking to impeach him by showing that another person, although his witness, had made statements at variance with his own, *held* harmless, in view of the fact that such defendant did not appear from the record to have answered the question or to have admitted that such other had made such statements.

p. 489

A defendant, when asked as a witness about certain facts, having testified that he was unable to recall them, it was permissible to prove that on a prior occasion he had admitted them, this being for the purpose, not so much of impeaching the witness as of proving an admission of relevant facts.　　p. 490

*Decided January 12th, 1921.*

Appeal from the Criminal Court of Baltimore City (Gorter, J.).

The motion in arrest of judgment was as follows:
　"The defendants move that judgment be arrested for the following reasons:
　"1.　Because the verdict of the jury is against the evidence.
　"2.　Because the verdict is against the weight of the evidence.
　"3.　Because the court erred in its rulings.
　"4.　Because of newly discovered evidence, and for other reasons to be assigned."

The cause was argued before Boyd, C. J., Urner, Stockbridge, Adkins, and Offutt, JJ.

*Isaac Lobe Straus,* with whom was *J. Paul Schmidt* on the brief, for the appellants.

*Alexander Armstrong, Attorney General,* and *Lindsay C. Spencer, Assistant Attorney General,* with whom was *Robert F. Leach, Jr., State's Attorney for Baltimore City,* on the brief, for the appellee.

Offutt, J., delivered the opinion of the court.

Andrew Reid Myers and Herbert Myers were convicted in the Criminal Court of Baltimore City of having and re-

ceiving an automobile knowing the same to have been feloniously stolen, and they were both sentenced to be imprisoned in the Maryland penitentiary for ten years. From that judgment this appeal was taken.

The specific crime with which the appellants were charged was the larceny and subsequent disposal of an automobile belonging to Samuel W. Mays of New York, and the facts of the case may be briefly stated. The appellants are brothers and had been connected with the operation, hiring, and barter of automobiles for a number of years. They do not appear to have operated jointly and had no established place of business. On September 5th, 1919, Herbert Myers sold E. H. Stevens, an automobile dealer, an automobile which had been stolen, on September 2nd, 1919, from Samuel W. Mays, at 131 Riverside Drive, New York. Mays testified that Andrew Reid Myers actually stole the car, that he saw him drive it off, but could not stop him.

Sixteen of the seventeen exceptions relate to rulings of the lower court on questions of evidence, while the seventeenth is to the court's action in overruling a motion in arrest of the judgment.

Two days after the jury had returned its verdict, the appellants filed two motions which were identical in form and substance, except that one was called a "motion for a new trial," and the other a "motion in arrest of judgment," and they were filed in the order in which they have been named. Both motions were overruled, and to the action of the court in overruling the motion in arrest of judgment (which the reporter will set out in the report of this case) an exception was reserved, and the principal question presented by the appeal is raised by the arguments of appellants' counsel in connection with this exception.

Tersely stated, their contention is that there was no evidence in the case legally sufficient to show that the appellants had committed the offense described in the indictment, and therefore the verdict of "guilty" returned by the jury was

illegal and no judgment should have been entered up on it,
and the oral and written arguments in connection with this
exception were mainly addressed to the legal sufficiency of
the evidence to warrant a conviction under the indictment
in the case. If the question of the guilt or innocence of the
appellants were before us for determination, or if we were
free to consider the legal effect of the evidence in connection
with any ruling of the court made during the trial of the
case, these arguments would have great force, but under the
long settled law of this State such questions as these were
exclusively for the jury which tried the case, and their find-
ings in regard to them cannot be reviewed in this Court.
Passing for the time the manner in which the proposition is
presented, it may be said that whatever the law may be else-
where, under the Constitution of this State, and the deci-
sions of this Court construing it, juries in criminal cases are
"judges of law, as well as of fact," and while this provision
of our law has often been the subject of frequent, widespread,
and often unfavorable, criticism and comment, it has never-
theless remained unchanged for nearly seventy years as a
part of our organic law, and it is not within the power of
this Court to amend it. This provision first occurs in the
Constitution of 1851 and has frequently been passed upon
by this Court. It was first construed in the case of *Franklin*
v. *State,* 12 Md. 236, in which it was held that the provision
was merely "declaratory" and had "not altered the pre-exist-
ing law regulating the powers of the court and jury in crim-
inal cases." The precise point before the court in that case
was the right of a jury to pass on the constitutionality of a
statute, and it was decided no such right existed. In *Wheeler*
v. *State,* 42 Md. 568, after the jury had retired in a criminal
case, they asked the court for instructions in regard to the
issues they were considering, and the court in response to
the inquiry gave them his opinion of the law, but also in-
formed them that they were not bound by it. This Court,
after approving that practice, said: "The jury are made the

*judges* of law as well as of fact, in the trial of criminal cases under the Constitution of this State; and any instruction given by the court as to the law of the *crime* is but advisory and in no manner binding upon the jury." In *Broll* v. *State,* 45 Md. 359, exception was taken to the refusal of the lower court to instruct the jury as to the law of the crime at the request of the traverser, and in reviewing this action this Court said: "No court in this State can be *required* by the counsel or jury to give instructions either upon the law or the legal effect of the evidence given at the trial." In *Bloomer* v. *State,* 48 Md. 538, at the conclusion of the testimony, the traversers moved the court to exclude from the jury all the evidence offered by the state to support the several counts of the indictment, on the ground that the evidence was not "sufficient in law" to support them. It was held that these motions were properly overruled, because they amounted to a demurrer to the evidence, and under the law of this State, the sufficiency of the evidence was a question for the jury. In *Beard* v. *State,* 71 Md. 278, the court was asked by the jury to instruct them as to the law governing the case. In compliance with this request the court did instruct the jury, at the same time warning them that they were not bound by the instructions. Its power to do this was challenged and, in passing upon the question so raised, Judge Alvey, speaking for this Court, said: "The judge therefore cannot, by any instruction given in a criminal case, bind the jury as to the definition of the crime, or as to the legal effect of the evidence before them." In *Ridgely and Melvin* v. *State,* 75 Md. 512, at the close of the State's case, the traverser offered a prayer that there was "no evidence legally sufficient to support the indictment" and the verdict of the jury should therefore be for the defendant. This prayer was refused, and on appeal it was said in reference to that ruling: "In view of the decisions of this Court there ought not to be any doubt about the question here presented, for it has frequently been held that no court in this State,

whatever may be the rule elsewhere, can be required by counsel or jury in criminal cases to give instructions *either upon the law of the crime or the legal effect of the evidence.*"

It would be useless to further prolong this opinion by the citation of authority in support of a proposition about which there can be no possible doubt, and that is that, in this State, juries in criminal cases are finally and exclusively the judges of the law as well as the facts in cases tried before them, and that the only remedy for any mistake or error in the exercise of such power, or for any abuse of it, is by an application to the proper tribunal for a new trial.

There was a motion for a new trial in this case, which was overruled by the Supreme Bench of Baltimore City, and while that ruling is not before us on this appeal, it appears in the record, and is referred to because it was based upon the same grounds as the motion in arrest of judgment which we are now considering. This motion, although described as a "motion in arrest of judgment," is really the ordinary motion for a new trial, applied to new and strange ends, and is apparently intended to operate, in some way not clearly apparent, as a demurrer to the evidence.

It is well settled that no appeal lies from the action of the court in overruling a motion for a new trial (*Miller* v. *State,* 135 Md. 379; *Archer* v. *State,* 45 Md. 460), for the reason that such a motion is addressed to the discretion of the court, and its exercise of that discretion is not reviewable on appeal. It would be strange indeed if this well established rule could be changed and a right of appeal acquired by the simple expedient of calling the motion for a new trial "a motion in arrest of judgment."

The motion, although called a "motion in arrest of judgment," possesses none of the incidents or characteristics of such a motion. A motion in arrest of judgment "lies only for defects and errors apparent upon the face of the record." *Archer* v. *State,* 45 Md. 460. And not only are there no defects or errors apparent on the face of the record, but none

are even suggested in the motion, which relies entirely upon such reasons as that the *verdict* was against the evidence, and against the weight of the evidence, that the court erred in its rulings, and because of newly discovered evidence. Manifestly, while such matters could properly be urged as reasons for a new trial, they could not be considered in connection with a motion to arrest the judgment, and since they were addressed solely to the discretion of the court, and as the exercise of that discretion is not the subject of review in this Court, they will not be considered. To approve such a practice would be in effect to amend if not to nullify the constitutional provision referred to, and to hold that courts and not the juries are the final and exclusive judges of the law and the facts in criminal cases in this State.

The record contains sixteen exceptions to the rulings of the court upon question of evidence, of which six, the seventh, tenth, eleventh, thirteenth, fifteenth and sixteenth were pressed in this Court, and these exceptions we will now consider. Samuel W. Mays testified that he was the owner of the automobile said to have been stolen, and that, when he last saw it, it was being driven away from his residence in New York by Andrew Reid Myers, one of the appellants. There were two objections to so much of this testimony as referred to Myers, one made before it was given, and the other at its conclusion. These objections are the subject of the seventh and tenth exceptions. It was clearly proper for the witness to prove his ownership of the car and to describe its appearance when he last saw it, and to tell where that was, and the circumstances under which he lost it. These were naturally matters about which the jury should have been informed, and there is no apparent reason why this testimony should not have been admitted. That it alone did not prove the crime charged in the indictment, or, that a misleading inference might have been drawn from the statement that Myers took the car away, did not affect the relevancy of the testimony, but the jury were entitled to consider it in

connection with other testimony in the case, and such authorities and arguments as the appellants may have submitted in connection with it, and we find no error in these rulings. Nor was there any error in the ruling involved in the eleventh exception. The witness had already testified without objection to some memoranda he had made of the numbers, and other identification marks on the automobile, and had testified that he had made them the "week of September 8th." Counsel for the traversers then announced he would object to the memorandum if offered in evidence. The court thereupon asked the witness: "Did you take it off or make it right at the time?" To which he answered: "Yes." "To which question and answer the defendants' attorney objected, but the court overruled the objection," and this is the subject of the eleventh exception. The exception was not to the admission of the memorandum, because it does not appear to have ever been offered in evidence, but to the court's question. It was both relevant and proper for the court to have been informed as to the time when the memoranda were made, because the right of the witness to refer to them may have depended on that fact. *Jones on Evidence,* Sec. 874.

Andrew Reid Myers having testified in chief as to his age and residence and as to his movements between the first and sixth of September and having further testified that he had been convicted of the larceny of an automobile in Baltimore, but that he owned the automobile and was not guilty of the crime of which he was convicted, further testified on cross-examination that he had a bill of sale for the automobile, sworn to in the office of L. M. Limp on Gay Street, which was destroyed by the detective. He added that he was not sure whether the bill of sale was executed at 733 N. Gay Street, or whether it was at the office of the Commercial Guarantee Company, and was then asked: "Don't you know that Mr. Pumphrey testified in your case, on the 15th of March, that he took an acknowledgment from you, and that that bill of sale was executed by him, and that he was man-

ager of the Commercial Guarantee Company at 733 N. Gay Street, the same place where this bill of sale was executed which you are offering in this case today?" This question was allowed over the appellants' objection. This ruling is the subject of the thirteenth exception. The state in rebuttal was permitted, over the objection of the appellants, to ask Lawrence King, a detective, the following question: "Under cross-examination Andrew Reid Myers was asked in reference to a bill of sale executed at 732 N. Gay Street, and he said he didn't know whether that was the number or not. What have you to say to that?" H. Warren Shank, also a detective, was asked what was intended to be the same question, and they both answered that Myers had testified in another case that the bill of sale was executed at 732 N. Gay Street. These rulings are covered by the fifteenth and sixteenth exceptions.

There was technical error in permitting the question involved in the thirteenth exception to be asked, because the witness could not be impeached by showing that other persons, although they were his witnesses, had made statements at variance with his own, but the error was harmless and could not have injured the appellants, because it does not appear from the record that the witness ever answered the question or in any way admitted that Pumphrey had so testified. Nor was there reversible error in admitting the testimony involved in the fifteenth and sixteenth exceptions? This testimony was designed not so much to impeach the witness as to show an admission on his part of facts relevant to the issues in the case. The witness had not denied the facts when asked about them, but said that he was unable to recall them, and under such circumstances it was permissible to prove that on a prior occasion he had admitted them.

The other exceptions to the evidence were not pressed and an examination of them fails to disclose any reversible error, and for the reasons stated the judgment will be affirmed.

*Judgment affirmed.*