# HARRY W. WHITE

*vs.*

# STATE OF MARYLAND.

*Bills of Exception—Extension of Time—Criminal Conspiracy—Motion in Arrest—Appeal—Transmission of Record.*

The trial court has no power to extend the time for the preparation of the bill of exceptions beyond the time allowed by the rule of court, or beyond the term where there is no rule, unless the order of extension is passed within the time limited by the rule, or during the term where there is no rule, or unless such order is passed within the time allowed by a previous order passed within the time limited by the rule or during the term. p. 539

Bills of exception not prepared and presented to the court below within the time allowed by the rule of that court, or any authorized extension of that time, and not signed by the consent of the parties, cannot be considered by the Court of Appeals. p. 539

A demurrer to the whole indictment cannot be sustained if either of the counts is good. p. 539

An indictment for conspiracy to commit an assault and robbery *held* good as against demurrer, it being sufficient, in an indictment for conspiracy to do an unlawful act, to state the conspiracy and the object of it. p. 539

A motion in arrest of judgment lies only for defects or errors apparent upon the face of the record, and that a motion is called a "motion in arrest of judgment" does not determine its real character to the extent of enabling the Court of Appeals to review rulings upon matters that must be addressed to the discretion of the trial court. p. 540

The Attorney General having consented in writing to a delay in the printing of the record in a criminal case, that the record

was not transmitted to the Court of Appeals until more than three months after the date of the judgment *held* not to require the dismissal of the appeal rather than the affirmance of the judgment.　　　　　p. 540

*Decided June 26th, 1923.*

Appeal from the Circuit Court for Prince George's County (BRISCOE, C. J., and BEALL, J.).

Criminal proceeding against Harry W. White, otherwise known as Harold W. White, and others. From a judgment of conviction and sentence, said White appeals. Affirmed.

The cause was argued, together with that next following, before BOYD, C. J., THOMAS, PATTISON, URNER, ADKINS, and OFFUTT, JJ.

*Clarence M. Roberts,* with whom was *Edwin H. Brownley* on the brief, for the appellant.

*Alexander Armstrong, Attorney General,* with whom were *Lindsay C. Spencer, Assistant Attorney General,* and *J. Wilson Ryon, State's Attorney for Prince George's County,* on the brief, for the State.

THOMAS, J., delivered the opinion of the Court.

The appellant in this case, with Charles Jones, Luther Smith, Seth Peterson, Ray Porter (Prater) and Ernest B. Neely, were indicted in the Circuit Court for Prince George's County for an unlawful conspiracy, and the indictment contains two counts, which are as follows:

　　"State of Maryland, County of Prince George's, to
　　　　wit:

　　"The jurors of the State of Maryland, for the body of Prince George's County, on their oath, do present that Harold W. White, Charles Jones, Luther Smith, Seth Peterson, Ray Porter, and Ernest B. Neely,

late of said county, on the 5th day of September, in the year of our Lord one thousand nine hundred and twenty-two, at the county aforesaid, did unlawfully unite, combine, conspire and agree, together and among themselves and each of them with the others, for the purpose of unlawfully making an assault on Charles E. Little, cashier and agent of the Citizens National Bank of Laurel, and for the purpose and with the intent then and there feloniously and forcibly taking from the possession of the said cashier and agent (Charles Little), by violence and by putting in fear the said Charles Little, divers United States Treasury notes, the number and denominations to the Grand Jurors unknown, the said notes being the goods, monies and chattels of the Citizens' National Bank of Laurel, contrary to the form of the statute in such case made and provided, and against the peace, government and dignity of the State.

### "Second Count.

"And the jurors aforesaid, upon their oath, do further present that the said Harold W. White, Charles Jones, Luther Smith, Seth Peterson, Ray Porter and Ernest B. Neely, on the said day, in the said year, at the county aforesaid, did unlawfully unite, combine, conspire and agree, together and among themselves, and each of them with the other, for the purpose of the goods, chattels and monies of the Citizens' National Bank of Laurel, then and there being found to feloniously steal, take and carry away, contrary to the form of the statute in such case made and provided, and against the peace, government and dignity of the State."

All of the defendants, except Charles Jones and Ray Porter (Prater), entered a demurrer to the indictment. The demurrer was overruled, and a plea of not guilty was entered as to all of the defendants except Charles Jones. A *nol pros* was entered by the State as to Jones, and the other

defendants were tried together by a jury and each found guilty on the 14th of October, 1922. A motion for a new trial was filed on the 16th of October and, upon being over-ruled, the record states that on that day the same paper was "refiled" as a motion in arrest of judgment. On the 18th of October the motion in arrest of judgment was over-ruled, and each of the defendants was sentenced to confine-ment in the Maryland House of Correction for the period of three years. The docket entries show that, on the day that the defendants were sentenced, an appeal was "noted in open court" on the behalf of each of them from the "judgment and sentence of the court." On November 11th, 1922, an order for appeal on behalf of White and an affidavit were filed, and a similar order on behalf of the other defendants and an affidavit were filed on December 5th, 1922. On December 9th a petition was filed for an extension of the time within which to prepare the bills of exception, and on December 12th the court below passed an order extending the time for "twenty days from the date" of said order. On December 29th a petition for a further extension of the time for prepa-ration of the exceptions was filed, but the court, by its order of that date, refused to grant it. The bills of exception in the record, which contain two exceptions to the rulings of the court below on the evidence, and one to the overruling of the motion in arrest of judgment, were not filed until Febru-ary 9th, 1923.

The record contains a certified copy of "Section One of Rule Twenty-two" of the Circuit Court for Prince George's County, which contains the provision that "unless otherwise expressly allowed by the Court, the bills of exception shall be prepared and submitted to the Court within thirty days from the entry of the judgment in the case." As we have seen, the judgments and sentences of the court were entered and imposed on the 18th of October, 1922, and the bills of exception were not signed and filed until February 9th, 1923. It is true that, on the 9th of December, 1922, the defendants filed a petition for an extension of the time within

which to prepare the exceptions, and that the court below, on the 12th of December, 1922, passed an order extending the time for twenty days from the date of said order, but the time within which the exceptions should have been prepared and presented to the court under the rule had already expired before the petition was filed and the order of court was passed.  We have frequently held that, while the trial court may, within the time allowed by its rule, or during the term at which the judgment was entered where there is no rule of court on the subject, extend the time for the preparation of the exceptions beyond the time allowed by the rule, or beyond the term where there is no rule, the trial court has no power to do so after the time limited by the rule, or after expiration of the term of court where there is no rule, unless its order is passed within the time allowed by a previous order passed within the time limited by the rule or during the term.  *Boyd* v. *Kellog,* 121 Md. 42; *Ray* v. *Morse,* 140 Md. 529.  As the bills of exception in this case were not prepared and presented to the court below within the time allowed by the rule of that court, or any authorized extension of that time, and were not signed by the consent of the parties, they cannot be considered by this Court.  *Boyd* v. *Kellog, supra; Ray* v. *Morse, supra.*

The only rulings of the court below open to review on the present record are those on the demurrer to the indictment and on the motion in arrest of judgment.  The brief of the appellants contains but a passing reference to these rulings, and objections to them, if not abandoned, were not pressed in this Court.  The demurrer was to the whole indictment, and could not have been sustained if either of the counts is good. *Wheeler* v. *State,* 42 Md. 563; *Avirett* v. *State,* 76 Md. 510. It is said in *State* v. *Buchanan,* 5 H. & J., 352, "that every conspiracy to do an unlawful act is at common law an indictable offense," and "that in a prosecution for a conspiracy, it is sufficient to state in the indictment, the conspiracy and the object of it."  While the indictment may not have been drawn with all the technical precision or skill of which the

charge is susceptible, it cannot be said that it fails to allege a conspiracy to do an unlawful act. *Garland* v. *State,* 112 Md. 83.

The grounds alleged in the motion in arrest of the judgments are those usually assigned in a motion for a new trial, and none of them relates to alleged defects or errors apparent upon the face of the record, for which alone such motions lie. The mere fact that a motion is called a "motion in arrest of judgment" does not determine its real character to the extent of enabling this Court to review rulings upon matters that must be addressed to the discretion of the trial court. *Archer* v. *State,* 45 Md. 460; *Myers* v. *State,* 137 Md. 482. As no defects or errors appear upon the face of the record, we must hold that the motion in arrest of judgment was properly overruled.

Rule 25 of this Court provides that "in criminal cases an appeal or writ of error allowed by law shall be taken within thirty days from the date of judgment or sentence, and a transcript of the record shall be forthwith transmitted to this Court, and the case shall be heard at the earliest convenient day after the record is transmitted to this Court." While the record shows that not only was this rule not complied with, but that the record did not reach this Court until February 10th, 1923, more than three months after the date of the judgments. In view, however, of the written consent of the Attorney General to a delay in the printing of the record, filed in the case, we will, for the reasons we have stated, affirm the judgment of the court below, rather than dismiss the appeal, although we are not to be understood as construing such consent as a waiver of the default mentioned.

*Judgment affirmed, with costs.*