LINWOOD WILLIE *v.* STATE OF MARYLAND.

*Prosecution for Larceny—Variance from Original Charge—
Motion in Arrest—Motion to Strike Judg-
ment—Appeal.*

On an indictment for larceny of an automobile, evidence that, when first arrested, the traverser was charged with reckless driving and transporting liquor, and not with larceny, was properly excluded, as not tending to corroborate the traverser's testimony or to discredit the State's witnesses, the physical facts related by these latter not being inconsistent with the laying of the original charge.                                             p. 616

That a motion is called a motion in arrest of judgment rather than one for a new trial does not determine its real character to the extent of enabling the Court of Appeals to review rulings upon matters that must be addressed to the discretion of the trial court.                                             p. 616

No appeal lies from the refusal of a motion to strike out the verdict and judgment for legal insufficiency of the evidence, the jury being, in criminal cases, the judges both of facts and of law.                                             pp. 616, 617

*Decided November 2nd, 1927.*

Appeal from the Circuit Court for Prince George's County (MATTINGLY and LOKER, JJ.).

Criminal proceeding against Linwood Willie. From a judgment of conviction, defendant appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, PARKE, and SLOAN, JJ.

*Ogle Marbury,* for the appellant.

*Thomas H. Robinson, Attorney General, John Hubner Rice, Assistant Attorney General,* and *J. Frank Parran, State's Attorney for Prince George's County,* for the State.

ADKINS, J., delivered the opinion of the Court.

Linwood Willie, the appellant, was convicted by a jury on October 21st, 1926, of the larceny of an automobile. On the same day he filed a motion for a new trial and a motion in arrest of judgment, which motions after a hearing were overruled on December 3rd, 1926, and exceptions to the overruling of said motions reserved by the traverser. He was sentenced by the court to be confined in the Maryland Penitentiary for the period of three years. On the same day he filed an order of appeal. On December 23rd, 1926, he filed a motion to strike out verdict and sentence, which motion was overruled on April 19th, 1927, and on the same day an appeal from the order overruling said motion was filed.

There were two exceptions reserved, one to the ruling of the court in sustaining an objection to certain testimony offered by traverser, and one to the overruling traverser's motions for a new trial and in arrest of judgment.

Appellant relies on these exceptions and on his appeal from the order overruling his motion to strike out the verdict and sentence. In considering the first exception it will be necessary to refer briefly to the testimony in the case.

On September 4th, 1926, at about seven o'clock in the evening, George Young, colored, with another man, was driving a "Willys-Knight" car on the Baltimore Pike, towards

Washington.  He testified that some one in another auto-
mobile chased him for a number of miles and "ran me all
the way to Hyattsville."   The car driven by Young was
loaded with fourteen cases of whiskey.   The car that chased
him was a "Lincoln."   When he arrived at Hyattsville,
Young turned off the Pike in order to dodge his supposed
pursuer, and in doing so ran into another car; whereupon
he jumped out of his car and ran, followed by Robert C.
Gallagher, chief of police of Hyattsville, who overtook and
arrested Young for reckless Driving.  Gallagher testified that,
while he had Young under arrest, and as he approached the
Willys-Knight car, he saw traverser jump into that car and
drive away with it.   This testimony was corroborated by
several witnesses for the State, one of whom, Newton James,
a constable, testified that he, in another car, followed tra-
verser and caught him at Riverdale, when he turned off the
main road into a dark road and jumped out of the car.

The traverser denied that he drove off the Willys-Knight
car or that he ever had his hand on the car.   He testified
that, when Young jumped off the car at Hyattsville, witness
was standing right beside him on the corner at the curb.   "I
said something, and some one in the crowd said, 'there is
the guy that was driving,' and as he did Officer James or
Constable James run up and grabbed me."

Mrs. George M. Phillips testified that, at the request of
traverser's mother, she went to the magistrate's office at
Hyattsville to serve as bondsman for traverser, and informed
the magistrate she had come for that purpose.   While on
the stand as a witness for traverser she was asked: "What
charge was against Mr. Willie at the time you got there?"

The court sustained an objection to this question, and
that ruling is the subject of the first exception.

It is strongly urged by counsel for appellant that the
refusal to permit witness to answer this question was preju-
dicial error, because witness would have testified that the
charge against traverser at that time was reckless driving
and transporting liquor, and that afterwards other charges
were preferred, including larceny.   The argument is that

proof of what the original charge was would have tended to corroborate traverser's testimony and to discredit the State's witnesses. That was certainly the only relevancy the testimony disallowed could have had, and it was not admissible unless it can be held that it might reasonably have had the effect contended for. We do not think it could fairly be inferred from the fact that appellant was not originally charged with larceny, if that be true, that the State's witnesses, who testified he drove the car to Riverdale and was there arrested, were testifying falsely. If at the time of the occurrence they thought he had been in the Willys-Knight car with Young, it naturally would not at once have occurred to them that, if, as they said, after Young's arrest, the traverser attempted to get away with the car, he was trying to steal it. In such circumstances, the physical facts related by them were not inconsistent with the laying of the alleged original charge. We find no error, therefore, in the ruling in the first exception.

The record does not disclose the grounds on which the motions for a new trial and in arrest of judgment were based. It appears, however, from argument of counsel, that they amounted to a demurrer to the evidence. Of course, it is conceded that in this state the granting of a new trial is a matter entirely in the discretion of the trial court and from its refusal no appeal lies. And the mere fact that a motion is called a motion in arrest of judgment does not determine its real character to the extent of enabling this court to review rulings upon matters that must be addressed to the discretion of the trial court. *White v. State,* 143 Md. 535.

There was no error in the rulings embraced in the second exception. But counsel for appellant strenuously contends that the motion to strike out the verdict and judgment is a different proposition; and as authority for this he cites the case of *Miller v. State,* 135 Md. 379, where we said an appeal might be entertained from the refusal of such a motion. But we did not say an appeal *would be* entertained in a criminal case, where the only ground of the motion was legal insufficiency of evidence to convict. On the contrary, we said

"the reason for the rule in this jurisdiction denying appeals from orders refusing motions for new trials applies equally in cases of motions to strike out judgments after full trial"; and that "the finding of the trial court on such a motion should not be set aside, unless the appellate court cannot escape the conviction, not only that the verdict *may have been influenced* by the matter complained of, but that it *probably was* so influenced." Obviously we were not there dealing with an appeal grounded on alleged insufficiency of evidence.

In *Myers vs. State,* 137 Md. 482, the appeal was from the overruling of a motion in arrest of judgment. This motion was identical in form and substance with a previous motion for a new trial. The contention was that there was no evidence in the case legally sufficient to show that the appellants had committed the offense charged in the indictment, and therefore the verdict of "guilty" returned by the jury was illegal and no judgment should have been entered on it. We there said, in an opinion delivered by Judge Offutt: "If the question of the guilt or innocence of the appellants were before us for determination, or if we were free to consider the legal effect of the evidence in connection with any ruling of the court made during the trial of the case, these arguments would have great force, but under the long settled law of this State such questions as these were exclusively for the jury which tried the case, and their findings in regard to them cannot be reviewed in this Court. Under the Constitution of this State, and the decisions of this Court construing it, juries in criminal cases are judges of the law as well as of fact."

We are unable to perceive why there should be any distinction in this regard between a motion in arrest of judgment and a motion to strike out a verdict and judgment, the reasons for the motion, as in this case, being the same. See also *Margulies v. State,* 153 Md. 204, and *Rasin v. State,* 153 Md. 431.

*Judgment affirmed.*