THEODORE ROOSEVELT QUESENBURY *v.*
STATE OF MARYLAND

[No. 20, October Term, 1944.]

*Decided November 2, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Robert W. McCullough* for the appellant.

Court declined to hear argument, but *William C. Walsh, Attorney General,* and *J. Edgar Harvey, Assistant Attorney General,* and *A. Gwynn Bowie, State's Attorney for Prince George's County,* appeared on the brief for the appellee.

MELVIN, J., delivered the opinion of the Court.

On October 26, 1943, the appellant was found guilty by a jury in the Circuit Court for Prince George's County of assault with intent to rape. The next day he was sentenced by the court to ten years in the penitentiary and

two days later (October 29) there was filed a "motion to set aside sentence and for new trial." This motion was argued and overruled on February 15, 1944, and on February 18 notice of appeal was filed.

It is to be noted at the outset that neither the motion itself nor the order for appeal appear in the record and that not a single exception was reserved at the trial. Besides the docket entries, all that the record does show is a transcript of testimony and even this is unauthenticated.

It is apparent, therefore, that on the very face of the proceedings there is no ground for this appeal. It was presumably taken from the adverse ruling on the motion "to set aside sentence and for new trial," but there is nothing in the record or before this Court, by way of argument or otherwise, to indicate that this paper was anything more than the formal motion for a new trial. It is elementary that the ruling of the trial court on such a motion is not appealable. *Archer v. State,* 45 Md. 457; *Myers v. State,* 137 Md. 482, 113 A. 87; *White v. State,* 143 Md. 535, 123 A. 58; *Wilson v. State,* 181 Md. 1, 26 A. 2d 770.

It is likewise thoroughly settled that while a motion to strike out a judgment, as distinguished from a motion for a new trial, is appealable (*Duker v. State,* 162 Md. 546, 160 A. 279), the reviewing court will look to the real character of it and will not be misled by the mere titling of the motion into passing upon matters embodied in it that must be addressed to the discretion of the trial court. *Willie v. State,* 153 Md. 613, 139 A. 289; *Myers v. State,* supra; *Margulies v. State,* 153 Md. 204, 137 A. 896; *Miller v. State,* 135 Md. 379, 109 A. 104.

In the case at bar no reasons or grounds whatever for the appeal are shown in the record, and the only argument presented was that contained in appellant's brief. There, it is pointed out, his case rests upon alleged insufficiency of evidence, and nothing more—his whole contention being summed up in these words: "The Appellant contends that the State did not establish by

proof beyond a reasonable doubt every fact material to the guilt of the defendant of the crime charged * * *."

That this is a matter addressed directly and solely to the discretion of the trial court on a motion for a new trial, following the determination by the jury of the sufficiency of the evidence, is too plain for comment. This Court has repeatedly ruled in so many words that the question of the legal sufficiency of evidence in a criminal case to sustain a conviction is exclusively for the jury to determine. *Berger v. State,* 179 Md. 410, 20 A. 2d 146; *Deibert v. State,* 150 Md. 687, 133 A. 847; *Willie v. State,* 153 Md. 613, 139 A. 289.

It is equally plain that this is not a question reviewable on appeal. As stated by this Court in the Berger case, supra [179 Md. 410, 20 A. 2d 149]: "The Court of Appeals has constantly refused to pass upon the question of the sufficiency of evidence to establish the crime with which the accused is charged for the reason that such action would usurp the constitutional function of the jury. Where there is no reversible error in the rulings of the trial court, the verdict and judgment must stand. The legal sufficiency of evidence upon which to base the conviction cannot be tested on a motion in arrest of judgment. A motion in arrest of judgment must be determined solely from the record and not from the evidence admitted at the trial. *Myers v. State,* 137 Md. 482, 113 A. 87; *Simmons v. State,* 165 Md. 155, 167 A. 60; *Coblentz v. State,* 164 Md. 558, 166 A. 45, 88 A. L. R. 886; *State v. Rogers,* 122 N. J. L. 460 6 A. 2d 207." See also *Meyerson v. State,* 181 Md. 105, 28 A. 2d 833.

Even assuming that the motion filed by appellant in the case at bar was in the nature of one in arrest of judgment, and not merely the ordinary motion for a new trial, no reversible error is shown in this ruling of the trial court on the motion. The appeal must, therefore, be dismissed.

*Appeal dismissed, with costs.*