## WILLIAM F. BRACK *v.* STATE OF MARYLAND

[No. 50, October Term, 1946.]

*Decided February 5, 1947.*

The cause was argued before MARBURY, C. J., DELAPLAINE, COLLINS, GRASON, HENDERSON, and MARKELL, JJ.

*William F. Brack* in *pro per* for the appellant.

Submitted on brief by *William Curran, Attorney General, J. Edgar Harvey, Assistant Attorney General, J. Bernard Wells, State's Attorney for Baltimore City* and *John C. Weiss, Assistant State's Attorney for Baltimore City.*

COLLINS, J., delivered the opinion of the Court.

This is an appeal by William F. Brack from a judgment and fine on June 20, 1946, in the Criminal Court of Baltimore City in the amount of $25 and costs on an indictment for disorderly conduct and disturbing the public

peace on May 28, 1946. The case was tried before a jury. The appellant assigns as error (1) the failure of the Trial Court to grant a motion which he terms a motion for change of venue and (2) that the evidence was not legally sufficient to justify his conviction.

The motion is entitled "Petition Requesting Change of Venue and Appointment of Counsel." The motion filed in the Criminal Court of Baltimore City asks that some judge other than a member of the Supreme Bench of Baltimore City be assigned to hear the case in that Court because the petitioner has been subjected to various forms of injustice. He also asks that the Court appoint an attorney to represent him and specify the fee to be paid, which he is willing and able to pay.

In reviewing a motion, the Court will look to the real character of it and will not be misled by the mere titling in passing upon matters embodied in it. *White v. State,* 143 Md. 535, 540, 123 A. 58; *Willie v. State,* 153 Md. 613, 616, 139 A. 289; *Quesenbury v. State,* 183 Md. 570, 572, 39 A. 2d 685.

By the Constitution of Maryland, Article IV, Section 8, and by Code (1939), Article 75 Section 109, in cases of presentment and indictment for offenses which are or may be punishable by death, the right of removal to another Court is absolute. In all other cases of presentment or indictment the accused is required to make it satisfactorily appear to the Court that the suggestion is true or that there is reasonable ground therefor. *Jones v. State,* 185 Md. 481, 45 A. 2d 350.

By Chapter 772 of the Acts of 1943, Section 18A and by Chapter 796 of the Acts of 1943 ratified by the voters of this State at the election held on November 7, 1944, whereby Chapter 772 aforesaid became Section 18A of Article IV of the Constitution of Maryland, and Chapter 796 aforesaid became Section 13A of Article IV of the Constitution of Maryland, authority was first given in this State to assign judges from one circuit to another. Chapter 796 of the Acts of 1943 specified that the General Assembly provide by law for the assignment of judges and as no legislation has been enacted in furtherance of

that section, the only authority for the assignment of judges from one circuit to another is provided by Chapter 772 of the Acts of 1943, Constitution of Maryland, Article IV, Section 18A, *supra*. That Section provides in part as follows:

"The Chief Judge of the Court of Appeals shall be the administrative head of the judicial system of the State. He shall from time to time require, from each of the judges of the Circuit Courts for the several counties and of the Supreme Bench of Baltimore City, reports as to the judicial work and business of each of the judges and their respective courts. He may, in case of a vacancy or of illness, disqualification or other absence of one or more judges of the Court of Appeals, designate any judge of any of the Circuit Courts for the counties or of the Supreme Bench of Baltimore City to sit in any case or for a specified period as a judge of the Court of Appeals in lieu of a judge of that court, and may designate, to sit as a judge of the Circuit Court for any county or of any Court or Courts of Baltimore City, either alone or with one or more other judges, in any case or for a specified period, any judge of the Court of Appeals or of any other Circuit Court or of the Supreme Bench of Baltimore City. In the absence of the Chief Judge of the Court of Appeals the provisions of this section shall be applicable to the senior judge present."

Therefore, as the Supreme Bench of Baltimore City had no authority to assign a judge from some other circuit to hear the appellant's case in the Criminal Court of Baltimore City, the petition was properly refused.

In reference to the request for an assignment of counsel, according to the argument of appellant, an attorney consented, at the Court's request, to represent the appellant but he refused to accept those services. The matter of assignment of counsel was not argued in appellant's brief and apparently that point has been abandoned. However, the denial of the assignment of counsel in minor offenses such as disorderly conduct and disturbance of the public peace is not a denial of due process of law or of any other right of the appellant. *Coates v. State*, 180

Md. 502, 25 A. 2d 676; *Smith v. State,* 180 Md. 529, 532, 25 A. 2d 681; *Betts v. Brady,* 316 U. S. 455, 62 S. Ct. 1252, 86 L. Ed. 1595.

It has been many times stated by this Court that the legal sufficiency of evidence and the weight of evidence in a criminal case is not before this Court on appeal and we therefore cannot pass upon that question, the jury being the judge of the law as well as the facts. *Constitution of Maryland,* Article XV, Section 5; *Franklin v. State,* 12 Md. 236, 249; *Demby v. State,* and *Peters v. State,* 187 Md. 7, 48 A. 2d 586.

In this case the appellee contends that the appeal should be dismissed for the reason that the appellant was arrested upon a warrant and when he appeared before the Justice of the Peace, he waived a hearing and asked for a jury trial. The papers were then sent to the Grand Jury of Baltimore City, where the indictment in this case was returned. The appellee contends that there is no appeal provided by law from a judgment entered in the Criminal Court of Baltimore City in this case which originated upon a warrant where the accused, when brought before the Justice of the Peace, prayed a jury trial.

In the counties, with the exception of Baltimore City, Talbot, Harford, Montgomery, and Frederick Counties prior to the enactment of the Acts of 1945, Chapter 845, Sections 13 and 13A, under the provisions of Code (1939) Article 52, Section 13, conferring jurisdiction on Justices of the Peace, where a jury trial was prayed, the Justice of the Peace sent all papers and proceedings in the case to the Clerk of the Circuit Court who placed the case on the appeal docket and the accused was there tried in the Circuit Court on the information or warrant. It was held many times by this Court that in such cases where the accused is tried on the warrant or information in the Circuit Court, after praying a jury trial before the Justices of the Peace, the decision of the Circuit Court in those cases is final and there is no appeal to this Court. *Rayner v. State,* 52 Md. 368; *Judefind v. State,* 78 Md. 510, 28 A. 405, 22 L.R.A. 721; *Green v.*

*State,* 113 Md. 451, 77 A. 677; *Hendrick v. State,* 115 Md. 552, 81 A. 18; *Norris v. State,* 158 Md. 700, 150 A. 261.

After the decisions of this Court to the same effect in the very recent cases of *Dail v. State,* 183 Md. 682, 39 A. 2d 752, and *Dail v. Price,* 184 Md. 140, 143, 40 A. 2d 334, the Legislature by the Acts of 1945, Chapter 845, Sections 13 and 13A, *supra,* amended Article 52, Sections 13 and 13A and provided among other things that in the State of Maryland except in Baltimore City, "except in cases of appeal from the judgment of the Trial Magistrate, the accused shall be entitled to an appeal to the Court of Appeals from the judgment of the Circuit Court." Therefore, in a situation similar to this in the counties the appellant would have had the right of appeal to this Court. Under the provisions of Article 52, Section 13 (1939 Code), and Article 52, Section 13A (1943 Supplement) and as amended by Chapter 845 of the Acts of 1945, in the counties where the accused is tried before the Trial Magistrate on a charge of disorderly conduct and disturbing the public peace, either party who feels aggrieved by his judgment has the right of appeal to the Circuit Court for the county in which the alleged offense occurred.

By Article 4, Section 632, of the Public Local Laws of Maryland (1930), where a person in Baltimore City, charged with such a crime as the appellant is here charged, is brought before a Justice of the Peace and prays a jury trial, the duty of the justice is to commit the person or hold him to bail for trial in the Criminal Court of Baltimore City and endorse on the commitment or recognizance the fact that the accused prayed a jury trial, and in such case, before such person can be tried in the Criminal Court of Baltimore City, it is necessary that he be presented and indicted by the Grand Jury as was done in this case. *Callan v. State,* 156 Md. 459, 465, 144 A. 350.

In Baltimore City, by Article 4, Section 632 of the Code of Public Local Laws of Maryland (1930), *supra,* Justices of the Peace are given power to hear and determine cases where persons are charged with disorderly

conduct and disturbance of the public peace subject, of course, to the right of the accused to pray a jury trial. Article 4, Section 632A, provides in part: "In all cases in which any person is tried and committed before any Justice of the Peace assigned to any of the police stations in the City of Baltimore, and sentenced by him to any imprisonment (other than imprisonment in default of payment of fines) or to any fine of over $50 (exclusive of costs), he may within ten days after sentence, exclusive of the day of sentence, pray an appeal to the Criminal Court of Baltimore * * *." Therefore, if Brack had elected to be tried before the Justice of the Peace and had been fined less than $50, he would have had no right of appeal to the Criminal Court of Baltimore City as the appeal is limited to fines of over $50, exclusive of costs, and the judgment of the Justice of the Peace would have been final.

It was pointed out in the case of *Rayner v. State,* 52 Md. 368, at pages 374 and 375, *supra,* and in other cases hereinbefore cited, that in most of the counties the statute, under which the proceedings were taken, by express terms, gave the right of appeal from the judgment of the Justice of the Peace to the Circuit Court, without giving any right of appeal to this Court. The Circuit Court in hearing the appeal was not in the exercise of its ordinary common law jurisdiction, but under the statute was acting as a court of special limited jurisdiction. Its judgment rendered within the limits of the special jurisdiction conferred was not only binding but final. This, of course, has now been changed by the Acts of 1945, Chapter 845, *supra,* as hereinbefore pointed out.

However, Code 1939, Article 5, Section 2, provides: "From any judgment or determination of any court of law in any civil suit or action or in any prosecution for the recovery of any penalty or fine or damages, any party may appeal to the Court of Appeals; and such appeal may be taken with or without the assent or joinder of co-plaintiffs or co-defendants in such appeal." It is also provided by Article 5, Section 86, in part: "The parties to criminal proceedings shall be entitled to bills

of exceptions in the same manner as in civil proceedings, and appeals from judgments in criminal cases may be taken in the same manner as in civil cases * * *." When the appellant asked for a jury trial before the Justice of the Peace and a presentment and indictment was found by the Grand Jury, *Callan v. State, supra,* he was first tried in the Criminal Court of Baltimore City. Appellant is therefore entitled to an appeal to this Court. The Courts are not justified in disregarding the natural import of the language of a statute. *Maryland Unemployment Compensation Board v. Albrecht,* 183 Md. 87, 94 36 A. 2d 666; *State Tax Comm. v. Potomac Electric Power Co.,* 182 Md. 111, 116, 32 A. 2d 382.

In the instant case the Criminal Court of Baltimore City was not acting as an appeal court of special limited jurisdiction but as the trial court. We are therefore of opinion that the appeal should not be dismissed, but that the judgment should be affirmed.

*Judgment affirmed, with costs.*